# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 3, 2012 Session

## DARLA BULLOCK, as next of kin and sole surviving heir of Linda H. Lobertini v. UNIVERSITY HEALTH SYSTEMS, INC.

### Appeal from the Circuit Court for Knox County
### No. 353411    Hon. Wheeler A. Rosenbalm, Judge

---

### No. E2012-00074-COA-R3-CV-FILED-NOVEMBER 27, 2012

---

This is an appeal in a medical malpractice case. The original plaintiff, the decedent, filed the initial malpractice action against the defendant, but the case was dismissed after the decedent passed away during the pendency of the suit. Her sole surviving heir re-filed the action without complying with Tennessee Code Annotated sections 29-26-121 and 122, which require a plaintiff who files a medical malpractice suit (1) to give a health care provider who is to be named in the suit notice of the claim sixty days before filing the suit, and (2) to file with the medical malpractice complaint a certificate of good faith confirming that the plaintiff has consulted with an expert who has provided a signed written statement that there is a good-faith basis to maintain the action. The defendant filed a motion to dismiss, and the trial court dismissed the case. The plaintiff appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellant, Darla Bullock, as next of kin and sole surviving heir of Linda H. Lobertini.

Stephen C. Daves, Knoxville, Tennessee, for the appellee, University Health System, Inc.

### OPINION

### I. BACKGROUND

Linda H. Lobertini ("the Decedent") was admitted to the University of Tennessee

Medical Center on July 2, 2007. Five days later, while certain nursing personnel were preparing her for a CT scan, the Decedent incurred lower extremity lesions, including a left calf laceration. According to the complaint, the Decedent experienced pain, bleeding, and fluid drainage from the wound. She brought an action for medical malpractice against University Health System, Inc. ("UHS"), but passed away during the pendency of the suit. The Decedent's counsel took a voluntary nonsuit on October 13, 2010, without prejudice.

Darla Bullock, the plaintiff in the instant action, re-filed the malpractice suit on October 13, 2011. She asserts that she is next of kin and sole surviving heir of the Decedent, who was her mother. A month later, UHS filed a motion to dismiss the complaint, alleging that the suit filed in 2011 was subject to the requirements of Tennessee Code Annotated sections 29-26-121 and 29-26-122, and that Bullock failed to meet these requirements. UHS also alleged that Bullock lacked the capacity to bring the suit, as she brought the action as next of kin -- not as personal representative.

In her response to the motion, Bullock admitted that she did not comply with the referenced statutory provisions. She contended, however, that nothing was filed to dismiss the previous action prior to October 13, 2010, and that UHS had ample time to investigate the claims prior to October 13, 2010. She asserted that requiring her to give notice of the re-filing would be "ludicrous." Bullock took the position that she is "the next of kin and sole surviving heir" of the Decedent, whose estate was not offered for probate, and any such action passed to her by operation of law.

After hearing the arguments of counsel on the motion, the trial court dismissed the action "with full prejudice based on all grounds set forth" by UHS. Bullock filed this appeal in a timely fashion.


## II. ISSUE

The issue raised by Bullock is whether the trial court committed reversible error in granting UHS's motion to dismiss.


## III. STANDARD OF REVIEW

A motion pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure challenges only the legal sufficiency of the complaint itself, and not the strength of the plaintiff's proof. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). We review the trial court's award of a Rule 12.02(6) motion to dismiss de novo, with

no presumption of correctness. *Id.* at 697. In determining whether the trial court erred in granting the motion to dismiss, we "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* The complaint "should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of [the] claim that would warrant relief." *Id.*

## IV. DISCUSSION

Medical malpractice claims are controlled by statute. In order to prevail in such an action, the plaintiff must prove: (1) the recognized standard of professional care; (2) that the defendant failed to act in accordance with the applicable standard of care; and (3) that as a proximate result of the defendant's negligent act or omission, the plaintiff suffered an injury which otherwise would not have occurred. Tenn. Code Ann. § 29-26-115.

As to notice before the suit, Tennessee Code Annotated section 29-26-121 provides in pertinent part as follows:

> (a)(1) Any person . . . asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
>
> (2) The notice shall include:
>
> > (A) The full name and date of birth of the patient whose treatment is at issue;
> > (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
> > (C) The name and address of the attorney sending the notice, if applicable;
> > (D) A list of the name and address of all providers being sent a notice; and
> > (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

* * *

(b) If a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

(c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.

Tenn. Code Ann. § 29-26-121 (Supp. 2011).

In regard to expert testimony, Tennessee Code Annotated section 29-26-122 provides as follows:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based upon the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1)

or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
>
> (B) Believe, based upon the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to the expert certification.

* * *

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . . If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

* * *

(4) A certificate of good faith shall disclose the number of prior
violations of this section by the executing party.

Tenn. Code Ann. § 29-26-122 (Supp. 2011). Bullock failed to comply with either requirement.

In *Myers v. AMISUB (SFH), Inc.*, ___ S.W.3d ___, No. W2010-00837-SC-R11-CV, 2012 WL 4712152 (Tenn. Oct. 4, 2012), a case similarly involving a re-filed complaint, the Tennessee Supreme Court ruled that the statutory requirements that a plaintiff give sixty days pre-suit notice and file a certificate of good faith with the complaint are mandatory requirements and not subject to substantial compliance. Accordingly, Bullock's re-filed action commenced pursuant to the saving statute[1] was a new action governed by the statutory provisions in Tennessee Code Annotated sections 29-26-121 and 122. The trial court in the instant action properly dismissed Bullock's suit for failing to comply with the statutes and not demonstrating extraordinary cause for neglecting to do so.

As our ruling regarding the notice and certification matters is dispositive of this appeal, we pretermit consideration of all other issues.

## V. CONCLUSION

We affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of this appeal are assessed to the appellant, Darla Bullock, as next of kin and sole surviving heir of Linda H. Lobertini.

_____
JOHN W. McCLARTY, JUDGE

---

[1] *See* Tennessee Code Annotated section 28-1-105(a) (providing that a party may re-file its suit within one year of dismissal or reversal of the initial suit that was rendered on any ground not concluding the action).