# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 11, 2013 Session

## ADEDAMOLA O. ONI, M.D. v. TENNESSEE DEPARTMENT OF HEALTH & TENNESSEE BOARD OF MEDICAL EXAMINERS

**Appeal from the Chancery Court for Davidson County**
**No. 12-394-IV      Russell T. Perkins, Chancellor**

---

**No. M2012-01360-COA-R3-CV - Filed July 17, 2013**

---

This appeal arises out of disciplinary proceedings against a physician before the Tennessee Board of Medical Examiners. The proceedings were instituted after the New York State Board for Professional Medical Conduct disciplined the physician. The Tennessee Board of Medical Examiners revoked the physician's medical license and the physician appealed to the chancery court pursuant to Tennessee Code Annotated section 4-5-322. The chancery court reversed and vacated the order revoking the physician's medical license. The Tennessee Department of Health and the Tennessee Board of Medical Examiners appealed. For the reasons set forth herein, we reverse in part, affirm in part, and remand for reconsideration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Affirmed in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Sue A. Sheldon, Senior Counsel; Nashville, Tennessee, for the appellants, Tennessee Department of Health and Tennessee Board of Medical Examiners.

James Warren White and Kenneth Ray Jones, Jr., Nashville, Tennessee, for the appellee Adedamola O. Oni, M.D.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Adedamola Oni ("Dr. Oni") received a Tennessee medical license in 1995 and a New York medical license in 2000. He never practiced medicine in New York, but renewed his New York medical license until 2011.

*2007 Tennessee Disciplinary Proceedings*

On August 24, 2007, following an investigation by the Tennessee Department of Health ("TDOH"), the Tennessee Board of Medical Examiners ("Board")[1] issued Dr. Oni a letter of reprimand for "engaging in unprofessional conduct" as proscribed by Tenn. Code Ann. § 63-6-214(b)(1). The Board based its reprimand on allegations that Dr. Oni misdiagnosed a patient's skin problem, directly prescribed to the patient a "for use by physician only" drug, failed to refer the patient to a dermatologist, failed to accurately and completely maintain the patient's medical record, and kept his medical office in an unsanitary condition. The letter of reprimand was to serve as a settlement in lieu of notice of charges and a formal hearing and warned that "should you further violate any statute, rule, or regulation which governs your practice as a medical doctor, this reprimand may be used to enhance any punishment administered for such violation(s)." In accepting the settlement, Dr. Oni agreed to pay three $1,000 type A civil penalties ($3,000 in total) plus costs of $3,692.65.[2]

Dr. Oni timely paid the civil penalties on October 17, 2007. The costs were due by December 14, 2007, but Dr. Oni made no payments until May 2010. He remitted three $300 payments on May 13, 2010, July 13, 2010, and December 21, 2011, and one $2,100 payment on January 20, 2012.

*2011 New York Disciplinary Proceedings*

In February and September 2003, Dr. Oni incurred criminal charges for burglary, theft by taking, and simple battery in the State Court of Fulton County, Georgia. On his October 2003 New York medical license renewal questionnaire, Dr. Oni responded "No" to the

---

[1] The Board licenses and regulates all Tennessee physicians and has the duty to conduct disciplinary hearings. Tenn. Code Ann. § 63-6-101(a)(3).

[2] *See* Tenn. Comp. R. & Regs. 0880-02-.12(4)(b)(1) and (c)(1).

question, "Since your last registration application, are criminal charges pending against you in any court?". On November 21, 2007, while again in the process of renewing his New York license, Dr. Oni responded "No" to the application question, "Since your last registration application, has any licensing or disciplinary authority . . . reprimanded or otherwise disciplined you?".

In January 2011, the New York State Board for Professional Medical Conduct ("New York Board") instituted disciplinary proceedings against Dr. Oni based upon four alleged "specifications of misconduct":

1. Having been found guilty of improper professional practice or professional misconduct by a duly authorized professional disciplinary agency of another state where the conduct upon which the finding was based would, if committed in New York State, constitute professional misconduct under the laws of New York State.

2. Having disciplinary action taken by a duly authorized professional disciplinary agency of another state where the conduct resulting in the disciplinary action would, if committed in New York State, constitute professional misconduct under the laws of New York State.

3. Practicing the profession fraudulently.

4. Willfully making or filing a false report.

On March 24, 2011, Dr. Oni, represented by counsel, appeared before the New York State Department of Health, an administrative law judge ("ALJ"), and the New York Board. After a full hearing in which Dr. Oni testified, the New York Board issued its final determination and order revoking Dr. Oni's license to practice medicine in New York and setting forth findings and conclusions that included the following:

There were two parts to this case. The first part was a regular direct referral case in which the Tennessee Board issued a Reprimand to [Dr. Oni] for engaging in unprofessional conduct. The record shows that the Tennessee Board assessed against Dr. Oni three civil penalties for a total of $3,000 . . . based on [his] having displayed unprofessional conduct by misdiagnosing a skin lesion, prescribing a drug directly to a patient despite the drug being indicated for use solely by a physician, failing to refer the patient to a dermatologist, and failing to maintain an accurate and complete medical record.

The direct referral aspect of this incident, the Tennessee reprimand, was a serious matter but the panel determined that this charge, in and of itself, would not elevate the penalty imposed in New York to the level of revocation. The "DR+" aspect of this incident–the failure to report it on his subsequent New York registration–was, however, deemed a matter of very serious concern for the panel and the dishonesty evidenced by the failure to report the reprimand is one of the reasons the panel decided that revocation was the appropriate penalty in this case.

The record shows that [Dr. Oni] not only failed to report the reprimand but he also failed to report two criminal charges. It is noted that there was an additional "DR+" allegation wherein [Dr. Oni] was charged with failing to report two separate criminal charges brought against him in Georgia.

In its final order, the New York Board discussed the fact that Dr. Oni had been exonerated of the Georgia criminal charges and reasoned as follows:

[W]hile the criminal charge may well have been removed from [Dr. Oni's] criminal record, it does not alter the fact that [he] lied on his 2007 New York registration about the charge. On review of all the facts and circumstances in this case, the panel concluded the underlying charges in this case, taken by themselves, would not necessarily warrant a revocation. Nevertheless, when taken together and when, as in this case, they are lied about, they raise the issue of honesty and on that basis the panel felt compelled to order a revocation and this was done unanimously.

It does not appear that Dr. Oni appealed from the New York Board's final order or otherwise tried to reinstate his New York medical license.

*2011-2012 Tennessee Disciplinary Proceedings*

On October 25, 2011, the TDOH filed a notice of charges against Dr. Oni, alleging that his failure to pay the full costs from the Board's 2007 reprimand and the revocation of his New York medical license constituted grounds for discipline per Tenn. Code Ann. §§ 63-6-214(b)(1), (2), and (20).[3]

---

[3] These sections authorize the Board to exercise its disciplinary authority upon the following grounds:

(continued...)

-4-

The Board conducted a contested case hearing over which an ALJ presided on January 25, 2012.[4] Juanita Stone, the Tennessee Department of Health's disciplinary coordinator, Dr. Oni, and Dr. Mance, a Chattanooga neurologist, testified. After deliberation, the Board entered its final order detailing findings of fact and conclusions of law on January 28, 2012.[5] Finding sufficient facts to establish that Dr. Oni was subject to discipline under the alleged statutory sections, the Board revoked his Tennessee medical license and ordered him to pay the $692.65 balance from 2007 and "the actual and reasonable costs of prosecuting this case." Dr. Oni filed a petition for stay of the order and a petition for reconsideration, both of which were denied.

Pursuant to Tenn. Code Ann. § 4-5-322, Dr. Oni petitioned the chancery court for review of the Board's decision. On March 22, 2012, the court entered an order staying Dr. Oni's license revocation pending judicial review. After oral argument and by memorandum and final order entered May 25, 2012, the chancery court reversed and vacated the Board's order revoking Dr. Oni's medical license, concluding in part that:

> the Board's decision to revoke Dr. Oni's medical license for having his New York license revoked constitutes an abuse of discretion and is without justification in fact under the unique circumstances of this case. This is an instance where the physician has engaged in conduct which might warrant discipline, but the Court concludes that the Board made a clear error in judgment in simply mirroring the revocation sanction levied by its New York counterpart.

---

[3](...continued)
(1) Unprofessional, dishonorable or unethical conduct;

(2) Violation . . . [of] any provision of this chapter, or any lawful order of the board issued pursuant thereto or any criminal statute of the state of Tennessee;
. . .
(20) Disciplinary action against a person licensed to practice medicine by another state . . . . for any acts or omissions that would constitute grounds for discipline of a person licensed in this state. A certified copy of the initial or final order or other equivalent document memorializing the disciplinary action from the disciplining state or territory shall constitute prima facie evidence of violation of this section and be sufficient grounds upon which to deny, restrict or condition licensure or renewal and/or discipline a person licensed in this state;

[4] By this time, Dr. Oni still owed $692.65 in costs from the 2007 reprimand.

[5] We will discuss the Board's deliberations and final order in more detail below as relevant to the issues on appeal.

However, the court affirmed the portion of the Board's order requiring Dr. Oni to pay the cost balance from 2007 and costs from the 2011-2012 proceeding, noting "that [Dr. Oni's] conduct warranted the institution of disciplinary proceedings" and "that the Board was justified in levying some degree of discipline against him." The chancery court remanded the case to the Board for further proceedings consistent with the court's rulings.

The TDOH and the Board perfected this appeal.

ISSUES PRESENTED

The TDOH and the Board articulate the issue on appeal as follows: Whether the chancery court erred in vacating the Board's decision by misapplying the applicable reciprocal discipline statutes (Tenn. Code Ann. §§ 63-1-120(b) and 63-6-214(b)(20)) and by inappropriately substituting its own judgment for that of the Board as to the choice of a disciplinary sanction. In the posture of appellee, Dr. Oni asks us to consider: (1) Whether the statutory presumption of penalty in Tenn. Code Ann. § 63-1-120(b) applies to disciplinary proceedings before the Tennessee Board of Medical Examiners; (2) Whether the chancery court correctly reversed the Board for violating statutory requirements governing its proceedings in revoking Dr. Oni's medical license; and (3) Whether the chancery court erred in affirming the Board's assessment of administrative costs against Dr. Oni in the 2011-2012 license revocation proceeding.

STANDARD OF REVIEW

Disciplinary proceedings against medical licensees are conducted in accordance with the Uniform Administrative Procedures Act ("UAPA"). Tenn. Code Ann. § 63-6-216. The UAPA, Tenn. Code Ann. § 4-5-101 *et seq.*, limits our scope of review of the agency decision to a "narrow and statutorily prescribed review of the record made before the administrative agency." *Crawford v. Dep't of Fin. & Admin.*, No. M2011-01467-COA-R3-CV, 2012 WL 219327, at *5 (Tenn. Ct. App. Jan. 24, 2012) (no Tenn. R. App. P. 11 application filed) (quoting *Metro. Gov't v. Shacklett*, 554 S.W.2d 601, 604 (Tenn. 1977)). The UAPA's narrow standard of review for an administrative body's factual determinations "suggests that, unlike other civil appeals, the courts should be less confident that their judgment is preferable to that of the agency." *Wayne Cnty. v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279 (Tenn. Ct. App. 1988). This Court may modify or reverse the administrative agency's decision if the agency's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

-6-

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h).

When we must interpret the meaning of a statute, our review is de novo without deference to the decision of the court below. *Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011).

ANALYSIS

I.

The parties' dispute over whether Tenn. Code Ann. § 63-1-120(b) applies to disciplinary proceedings before the Board requires us to construe this statute.

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. To that end, we start with an examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012) (citations omitted).

By its terms, Tenn. Code Ann. § 63-1-120 governs disciplinary actions before certain boards only:

> With respect to any person required to be licensed, permitted, certified or authorized by any board, council, committee or agency created pursuant to chapters 4, 5, 7, 9, 11 and 12 of this title and to title 68, chapter 140 attached

to the division of health related boards, such board, council, committee or agency may . . . .

Tenn. Code Ann. § 63-1-120(a)(1). Tennessee Code Annotated section 63-1-120(b) provides:

> In disciplinary actions against individuals holding a license, certificate, permit or authorization in this state at the time of a disciplinary action in another reporting state, in the absence of justifying evidence to the contrary, there shall be a rebuttable presumption that the sanction proposed in any such proceeding will be comparable to that in the reporting state; however, no such presumption shall exist for those who are applying for licensure, certification, permit or authorization in this state during or after the time the disciplinary action in the other state is pending or has become final. If a board, council, committee or agency created pursuant to chapters 4, 5, 7, 9, 11 and 12 of this title or title 68, chapter 140 denies, restricts or conditions a licensure, certification, permit or authorization based on a disciplinary action in another state, the applicant shall, upon written request, filed within thirty (30) days of the date of the action on the application, be entitled to a contested case hearing.

The boards created pursuant to Tennessee Code Annotated title 63 chapters 4, 5, 7, 9, 11, and 12 are, respectively, the boards of chiropractic examiners, dentistry, nursing, osteopathic examination, examiners in psychology, and veterinary medical examiners.[6] Title 68, chapter 140 establishes the Tennessee emergency medical services board.[7] The board of medical examiners, created pursuant to title 63, chapter 6,[8] is unambiguously excluded from those enumerated in Tenn. Code Ann. § 63-1-120, and, on appeal, the TDOH and the Board present no authority suggesting that this statutory section applies to the Tennessee Board of Medical Examiners and to its choice of sanctions in Dr. Oni's case. Therefore, we conclude that Tenn. Code Ann. § 63-1-120(b) does not apply to disciplinary proceedings before the Board.

II.

The applicable reciprocal discipline statute, under which the Board could impose upon

---

[6] *See* Tenn. Code Ann. §§ 63-4-102(a), 63-5-101(a), 63-7-201, 63-9-101(a), 63-11-101(a), and 63-12-104(a).

[7] *See* Tenn. Code Ann. § 68-140-303(a).

[8] Tenn. Code Ann. § 63-6-101(a)(1).

Dr. Oni sanctions based on his having incurred disciplinary sanctions by the New York Board, is set forth at Tenn. Code Ann. § 63-6-214(b)(20). It provides that the Board may exercise its disciplinary authority based upon:

> Disciplinary action against a person licensed to practice medicine by another state . . . for any acts or omissions that would constitute grounds for discipline of a person licensed in this state. A certified copy of the initial or final order or other equivalent document memorializing the disciplinary action from the disciplining state or territory shall constitute prima facie evidence of violation of this section and be sufficient grounds upon which to deny, restrict or condition licensure or renewal and/or discipline a person licensed in this state.

Tenn. Code Ann. § 63-6-214(b)(20).

A certified copy of the New York Board's final order revoking Dr. Oni's New York medical license was entered into evidence at the hearing before the Board. Dr. Oni testified that his failure to report the Georgia criminal charges on his New York license renewal application was based on his mistaken belief that New York law required the reporting of criminal convictions, not charges. Subsequently, in its final order, the Board found as follows:

> On or about April 28, 2011, [Dr. Oni's] New York medical license was revoked for the following reasons:
>
> a. Having been found guilty of improper professional practice or professional misconduct by Tennessee;
>
> b. Having his license disciplined by Tennessee;
>
> c. Practicing the profession fraudulently by answering "No" on the New York licensure renewal application questions asking if he had any out-of-state discipline and any pending criminal charges, specifically, failing to disclose the [2007] Tennessee reprimand and pending Georgia charges for simple battery in one case, and burglary and theft in another case; and
>
> d. Making or filing a false report by answering "No" on the New York renewal application questions regarding any out-of-state discipline and any pending criminal charges, specifically, failing to disclose the Tennessee reprimand and the pending Georgia charges.

-9-

The Hearing Committee for the New York Board for Professional Medical Conduct unanimously found [Dr. Oni] guilty of all four violations specified [above]. The panel found "three separate instances of failing to disclose matters that should have been disclosed on the licensing application, namely the [2007] Tennessee reprimand and the two criminal charges in Georgia . . . . The panel saw this lack of respect for the truth as a serious defect in his moral character and thus was unanimous in concluding that the only appropriate remedy was revocation of his license to practice medicine in New York."

This Board heard [Dr. Oni's] testimony today. Based upon the New York Board's revocation order and this Board's assessment of [Dr. Oni's] credibility, this Board finds [Dr. Oni's] testimony insufficient to overcome the findings of the New York Board.

The Board concluded that these findings "constitute grounds for disciplinary action against [Dr. Oni's] license to practice as a medical doctor in the State of Tennessee pursuant to Tenn. Code Ann. § 63-6-214(b)[20] . . . ."

Dr. Oni challenges the Board's findings and conclusions,[9] arguing that the Board "penalized him for criminal charges that were not reportable in Tennessee" and "punish[ed] him for not reporting to the [Board] a matter that had been settled between him and the [Board] (the 2007 Tennessee Settlement)." The chancery court accepted this argument, but we reject it.

Dr. Oni correctly notes that Tennessee law requires physicians to report criminal convictions, but not charges. *See* Tenn. Code Ann. § 63-6-214(b)(10). However, the Board's conclusion that Dr. Oni was subject to discipline under Tenn. Code Ann. § 63-6-214(b)(20) was not based upon his *incurring* criminal charges in Georgia or a previous reprimand in Tennessee, but rather upon unrebutted evidence that Dr. Oni made false statements in his New York renewal applications. Section 63-6-214(b)(20) authorizes the Board to impose reciprocal discipline "for *any acts or omissions* that would constitute grounds for discipline" in Tennessee (emphasis added). Under Tenn. Code Ann. § 63-6-214(b)(3), "[m]aking false statements or representations" is a ground for discipline. Therefore, the Board properly subjected Dr. Oni to discipline pursuant to Tenn. Code Ann. § 63-6-214(b)(20). We reverse the chancery court's order to the extent that it is inconsistent with this conclusion.

_____

[9] On appeal, Dr. Oni does not take issue with the Board's conclusion that his failure to fully pay the costs from the 2007 Tennessee reprimand constituted grounds for discipline pursuant to Tenn. Code Ann. §§ 63-6-214(b)(1) and (2).

III.

We now consider the Board's decision that revocation of Dr. Oni's Tennessee medical license was the appropriate sanction in this case. At the hearing, the ALJ instructed the three-member Board to independently evaluate Dr. Oni's testimony and credibility and to determine the appropriate disciplinary action, if any, "in accordance with [its] legal authority and the particular aspects of this case." Much aggrieved, Dr. Oni argues that the Board "clearly and erroneously believed that 'mirroring' the New York Board's action relieved it of the responsibility of making an independent determination whether Dr. Oni's license should be revoked."

As discussed above, Tenn. Code Ann. § 63-6-214(b)(20) allows the Board to impose reciprocal discipline on licensed Tennessee physicians against whom another state takes disciplinary action. While another state's disciplinary order against a Tennessee physician for acts or omissions that are punishable in Tennessee provides the Board "sufficient grounds upon which to deny, restrict or condition licensure or renewal and/or discipline a person licensed in this state," the statute contains no requirement or implication that the Board's choice of sanction must be comparable to that of the other disciplining state. Tenn. Code Ann. § 63-6-214(b)(20).[10]

It appears from the transcript that the Board's two-to-one decision to revoke Dr. Oni's Tennessee medical license was based on an erroneous belief that the Board had to mirror the New York Board's choice of sanction:

Chair Ali: The next item of the order is the discipline to the license. This is something that really states all of them, and I'm hoping for discussion on that. They almost mirror each other. The state or the out-of-state entities have considered this matter whether it took one session, one day, ten days or so–as many sessions. It doesn't matter. We do have a copy of the state of New York's deliberation as far as conclusions. *Subsequently it is customary for us to mirror what another state has decided is appropriate as a discipline for [Dr. Oni's] license in that state.* And the state of New York felt nothing less than revoking the license would be appropriate.
. . .

_____

[10] It would seem that, had the legislature intended to limit the Board's choice of sanction in reciprocal discipline cases like the one before us, Tenn. Code Ann. § 63-6-214(b)(20) would expressly include a statutory presumption of penalty like the one applicable to reciprocal discipline cases that come before the boards of chiropractic examiners, dentistry, nursing, osteopathic examination, examiners in psychology, veterinary medical examiners, and emergency medical services. *See* Tenn. Code Ann. § 63-1-120(b).

-11-

Member Yeiser: All right. Now, this is another consideration. What about probation?

Dr. Lovelady: If we were to do a probation, we would need to put down the terms of that probation–what we list as reasonable terms of probation.

Chair Ali: You also would–*if you are __not__ going to mirror the actions taken, you also have to say why.*
. . .

Chair Ali: . . . Our task is to issue an order on all the basis of the facts that are in front of us or what another Board has already decided in another state unless we disagree with them. If it's–I would say, again–I'm not stating facts for Tennessee, but if another state does something completely–

Member Yeiser: I know. We've done it over and over. It's a common practice. I understand that.

Chair Ali: It's a common practice to mirror another state because they have gone through all of the items.

Dr. Lovelady: If another state takes an action and makes an order and the order that they have made seems completely reasonable and they revoke a doctor's license to practice in that state and that is reasonable, then it's reasonable that we mirror that action partly in support of that state's decision. Partly to protect the citizens of our state. I do not recall a precedent in which a Respondent came before us–as long as I've been on the Board, which is seven years–after a reasonable action was taken by another state and we did not support that.

(Emphasis added).

Based on the record, we cannot understand how or why the Board arrived at its choice to revoke Dr. Oni's medical license. The Board's stated policy reason behind its decision–"to protect the health, safety, and welfare of the citizens of Tennessee"–is equally unenlightening. While we are mindful that "the appropriate remedy is peculiarly within the discretion of the agency," *McClellan v. Bd. of Regents of State Univ.*, 921 S.W.2d 684, 693 (Tenn. 1996), it appears from this record that the Board did not follow the ALJ's instructions to independently evaluate Dr. Oni's testimony and credibility, and that it did not articulate why revocation was appropriate. By simply mirroring the New York Board's choice of

discipline, the Board rendered an arbitrary or capricious decision, that is, "one that is not based on any course of reasoning or exercise of judgment, or one that disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d 311, 316 (Tenn. 2007) (quoting *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 106, 111 (Tenn. Ct. App. 1993) (internal citations omitted)).

We are therefore of the opinion that the chancery court correctly reversed the Board's decision to revoke Dr. Oni's Tennessee medical license, and we remand this matter to the chancery court with instructions to remand it to the Board for reconsideration of the sanction.

## IV.

Lastly, Dr. Oni maintains that he should not have to pay the administrative costs from the 2011-2012 disciplinary proceeding before the Board. Tennessee Code Annotated § 63-6-214(k) specifies that the Board "may, whenever a final order is issued after a disciplinary contested case hearing that contains findings that a licensee or other person has violated any [statutory provision governing the practice of medicine and surgery], assess the costs directly related to the prosecution of the case against the licensee or person." Dr. Oni's conduct underlies the Board's disciplinary proceedings against him, and the Board properly found that he was subject to discipline under Tenn. Code Ann. §§ 63-6-214(b)(1), (2), and (20). We affirm the Board's final assessment of costs against Dr. Oni.

## CONCLUSION

We remand this case to the chancery court with instructions to remand the case to the Board for further proceedings consistent with this opinion. Costs of appeal are assessed against the Tennessee Department of Health and the Tennessee Board of Medical Examiners.

_____
ANDY D. BENNETT, JUDGE

-13-