IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 4, 2012 Session

# CURTIS MYERS v. AMISUB (SFH), INC., d/b/a ST. FRANCIS HOSPITAL, ET AL.

Appeal by Permission from the Court of Appeals, Western Section
Circuit Court for Shelby County
No. CT-004650-09     Jerry Stokes, Judge

No. W2010-00837-SC-R11-CV - Filed October 4, 2012

The plaintiff filed a medical malpractice action against several health care providers and subsequently dismissed the lawsuit. He re-filed the action after the legislature enacted Tennessee Code Annotated section 29-26-121, which requires a plaintiff who files a medical malpractice suit to give health care providers who are to be named in the suit notice of the claim sixty days before filing the suit; and Tennessee Code Annotated section 29-26-122, which requires a plaintiff to file with the medical malpractice complaint a certificate of good faith confirming that the plaintiff has consulted with an expert who has provided a signed written statement that there is a good-faith basis to maintain the action. The defendants moved to dismiss the complaint based on the plaintiff's failure to comply with Tennessee Code Annotated sections 29-26-121 and 122. The trial court denied the motion, finding that the plaintiff's original suit constituted substantial compliance with the statutes' requirements and that extraordinary cause existed to excuse compliance with the requirements of Tennessee Code Annotated section 29-26-121. Upon interlocutory appeal, the Court of Appeals reversed. We hold that the statutory requirements that a plaintiff give sixty days pre-suit notice and file a certificate of good faith with the complaint are mandatory requirements and not subject to substantial compliance. The plaintiff's failure to comply with Tennessee Code Annotated section 29-26-122 by filing a certificate of good faith with his complaint requires a dismissal with prejudice.

**Tenn. R. App. P. Rule 11 Appeal by Permission; Judgment of the Circuit Court Reversed; Cause Dismissed**

SHARON G. LEE, J., delivered the opinion of the Court, in which, GARY R. WADE, C.J., JANICE M. HOLDER, CORNELIA A. CLARK, and WILLIAM C. KOCH, JR., JJ., joined.

Bill M. Wade, Memphis, Tennessee, for the appellant, Curtis Myers.

Joseph M. Clark and Edd Peyton, Memphis, Tennessee, for the appellees, Arsalan Shirwany, M.D., and East Memphis Chest Pain Physicians, PLLC; Marty R. Phillips and Michelle Greenway Sellers, Memphis, Tennessee, for the appellee, Tennessee EM-I Medical Services, P.C.; W. Timothy Hayes, Jr., and Kimberly Cross Shields, Memphis, Tennessee, for the appellee, AMISUB (SFH), Inc., d/b/a St. Francis Hospital.

## OPINION

Curtis Myers suffered a stroke in July of 2006 and was treated by various health care providers. On January 5, 2007, Mr. Myers filed a complaint in the Circuit Court for Shelby County, alleging medical malpractice against the following health care providers who had treated Mr. Myers: AMISUB (SFH), Inc., d/b/a St. Francis Hospital; Sheila B. Thomas, D.O.; Arsalan Shirwany, M.D.; UT Medical Group, Inc.; Larry K. Roberts, M.D.; and Memphis Physicians Radiological Group, P.C. By subsequent amendment of April 20, 2007, he added as defendants Tennessee EM-I Medical Services, P.C., and East Memphis Pain Physicians, PLLC.[1]

Mr. Myers's original complaint was still pending when, on May 15, 2008, the legislature enacted Tennessee Code Annotated sections 29-26-121 and 122,[2] which set forth new requirements relative to medical malpractice actions in this state. Both sections took effect on October 1, 2008. On October 21, 2008, Mr. Myers voluntarily dismissed his claim. Thereafter, on June 11, 2009, the legislature enacted amendments to Tennessee Code Annotated sections 29-26-121 and 122, effective July 1, 2009, as to all actions filed on or after that date.[3] Mr. Myers re-filed his cause of action on September 30, 2009.[4] The

---

[1] Mr. Myers's wife, Lisa Myers, also filed suit and joined in the amended complaint, but in August 2008, she voluntarily dismissed her claim pursuant to Tennessee Rule of Procedure 41.01. She did not re-file her claim and is not a party to this appeal.

[2] Act of April 24, 2008, ch. 919, 2008 Tenn. Pub. Acts 434 (relative to health care liability).

[3] Act of June 4, 2009, ch. 425, 2009 Tenn. Pub. Acts 472 (relative to health care liability).

[4] Mr. Myers re-filed his suit pursuant to the saving statute, Tennessee Code Annotated section 28-1-105 (2000), which provides in pertinent part as follows:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and

(continued...)

statutory changes reflected in Tennessee Code Annotated sections 29-26-121 and 122, as amended, were in effect when Mr. Myers re-filed his malpractice suit.

Tennessee Code Annotated section 29-26-121 requires sixty days pre-suit notice in all medical malpractice cases, providing in pertinent part as follows:

> (a)(1) Any person . . . asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
>     (2) The notice shall include:
>         (A) The full name and date of birth of the patient whose treatment is at issue;
>         (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
>         (C) The name and address of the attorney sending the notice, if applicable;
>         (D) A list of the name and address of all providers being sent a notice; and
>         (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.
> . . . .
>
> (b) If a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

---

[4](...continued)
privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

(c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.

Tenn. Code Ann. § 29-26-121 (Supp. 2011).

Tennessee Code Annotated section 29-26-122 requires the filing of a certificate of good faith in all medical malpractice cases requiring expert testimony, confirming that an expert has signed a written statement that there is a good faith basis to maintain the action:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
 (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
        (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
        (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
 (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
        (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
        (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with

-4-

knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

. . . .

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . . If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

. . . .

(4) A certificate of good faith shall disclose the number of prior violations of this section by the executing party.

Tenn. Code Ann. § 29-26-122 (Supp. 2011).

When Mr. Myers re-filed his complaint on September 30, 2009, he did not give pre-suit notice to the defendants as required by Tennessee Code Annotated section 29-26-121, nor did he file a certificate of good faith with the complaint as required by Tennessee Code Annotated section 29-26-122. The defendants filed a Tennessee Rule of Civil Procedure 12.02(6)[5] motion to dismiss for failure to state a claim upon which relief can be granted

---

[5] Tennessee Rule of Civil Procedure 12.02 provides in pertinent part that

(continued...)

based on Mr. Myers's failure to comply with the statutes. In response, Mr. Myers asserted that Tennessee Code Annotated section 29-26-121 was satisfied because the defendants had notice of the re-filed cause of action from the proceedings in the original suit and that the certificate of good faith requirement of Tennessee Code Annotated section 29-26-122 was satisfied by expert disclosures filed in the original suit. The trial court denied the motion to dismiss, finding that Mr. Myers had substantially complied with the requirements of both statutes "because all Defendants had notice of both the potential claims against them and the existence of [Mr. Myers's] medical expert through the original filing of [Mr. Myers's] Complaint on January 5, 2007 and the subsequent litigation from that date until the filing of [Mr. Myers's] voluntary nonsuit on October 21, 2008 . . . ." The trial court further found that, "given the unique circumstances of this case," there was extraordinary cause to excuse strict compliance with Tennessee Code Annotated section 29-26-121, to the extent that strict compliance was required under that section.

Thereafter, the trial court and the Court of Appeals granted motions for interlocutory appeal filed by defendants AMISUB (SFH), Inc., d/b/a St. Francis Hospital; Arsalan Shirwany, M.D.; Tennessee EM-I Medical Services, P.C.; and East Memphis Pain Physicians, PLLC,[6] ("Defendants") pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.[7] The Court of Appeals reversed and remanded the case for dismissal, finding that Tennessee Code Annotated sections 29-26-121 and 122 were applicable to Mr. Myers's re-filed suit and that he had failed to demonstrate extraordinary cause that would excuse compliance. Myers v. AMISUB (SFH), Inc., No. W2010-00837-COA-R9-CV, 2011 WL 664753, at *9 (Tenn. Ct. App. Feb. 24, 2011). We granted Mr. Myers's application for permission to appeal to address the effect of his failure to comply with the pre-suit notice

---

[5](...continued)
> [e]very defense, in law or fact, to a claim for relief in any pleading . . . shall
> be asserted in the responsive pleading thereto if one is required, except that
> the following defenses may at the option of the pleader be made by motion
> in writing: . . . (6) failure to state a claim upon which relief can be granted
> . . . .

[6] Although Sheila B. Thomas, D.O., was listed as a defendant in Mr. Myers's re-filed complaint, the record does not indicate that she joined the other named defendants in their interlocutory appeal, and she is not a party to this appeal.

[7] Rule 9(a) of the Tennessee Rules of Appellate Procedure provides in pertinent part that

> [e]xcept as provided in rule 10, an appeal by permission may be taken from
> an interlocutory order of a trial court from which an appeal lies to the
> Supreme Court, Court of Appeals or Court of Criminal Appeals only upon
> application and in the discretion of the trial and appellate court.

requirement of Tennessee Code Annotated section 29-26-121 and the certificate of good faith requirement of Tennessee Code Annotated section 29-26-122.

The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

Because the trial court's denial of the Defendants' motion involves a question of law, our review is de novo with no presumption of correctness. Graham v. Caples, 325 S.W.3d 578, 581 (Tenn. 2010). The question of whether Mr. Myers has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. Starr v. Hill, 353 S.W.3d 478, 481-82 (Tenn. 2011). We review the trial court's decision to excuse compliance under an abuse of discretion standard. "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." Wilson v. State, 367 S.W.3d 229, 235 (Tenn. 2012)(citing Wright ex rel. Wright v. Wright, 337 S.W.3d 166, 176 (Tenn. 2011)). We examine the legal sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in flavor of the plaintiff. Lind v. Beaman Dodge, Inc., 356 S.W.3d 889, 894 (Tenn. 2011).

The trial court's ruling was two-fold: that Mr. Myers substantially complied with the requirements of Tennessee Code Annotated sections 29-26-121 and 122 based on the filing of the previous suit and the information gained by the defendants in the ensuing litigation and

that there was extraordinary cause to excuse strict compliance with Tennessee Code Annotated section 29-26-121.

Our review requires us to determine the meaning of Tennessee Code Annotated sections 29-26-121 and 122. The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008). To that end, we start with an examination of the statute's language, Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 881 (Tenn. 2005), presuming that the legislature intended that each word be given full effect. Lanier v. Rains, 229 S.W.3d 656, 661 (Tenn. 2007). When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000); see also In re Adoption of A.M.H., 215 S.W.3d 793, 808 (Tenn. 2007) ("Where the statutory language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect.") (citing Calaway ex rel. Calaway v. Schucker, 193 S.W.3d 509, 516 (Tenn. 2005)). The construction of a statute is also a question of law which we review de novo without any presumption of correctness. Lind, 356 S.W.3d at 895.

Tennessee Code Annotated section 29-26-121 expressly provides that "[a]ny person . . . asserting a potential claim for medical malpractice *shall* give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state." Tenn. Code Ann. § 29-26-121(a)(1) (emphasis added). Tennessee Code Annotated section 29-26-122 expressly provides that "[i]n any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel *shall* file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a) (emphasis added). The use of the word "shall" in both statutes indicates that the legislature intended the requirements to be mandatory, not directory. Bellamy v. Cracker Barrel Old Country Store, Inc., 302 S.W.3d 278, 281 (Tenn. 2009) (quoting Stubbs v. State, 393 S.W.2d 150, 154 (Tenn. 1965) ("'When 'shall' is used . . . it is ordinarily construed as being mandatory and not discretionary.'")).

To determine whether the use of the word "shall" in a statute is mandatory or merely directory, we look to see "whether the prescribed mode of action is of the essence of the thing to be accomplished." 3 Norman J. Singer & J.D. Singer, Statutes and Statutory Construction § 57:2 (7th ed. 2008); see also Holdredge v. City of Cleveland, 402 S.W.2d 709, 713 (Tenn. 1966) ("[A] provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute . . . shows that the legislature intended a compliance with such provision to be essential to the validity

of the act . . ., the statute must be regarded as mandatory."). The essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed. The essence of Tennessee Code Annotated section 29-26-122 is that a defendant receive assurance that there are good faith grounds for commencing such action. The requirements of pre-suit notice of a potential claim under Tennessee Code Annotated section 29-26-121 and the filing of a certificate of good faith under Tennessee Code Annotated section 29-26-122 are fundamental to the validity of the respective statutes and dictate that we construe such requirements as mandatory.[8]

Mr. Myers argues that he substantially complied with the statutes based on the filing of his previous suit and the subsequent litigation. We disagree. When Mr. Myers dismissed his first suit and filed his second complaint, he instituted a new and independent action, bearing a separate docket number. See Old Hickory Eng'g & Mach. Co. v. Henry, 937 S.W.2d 782, 784-85 (Tenn. 1996) (holding that, in accordance with Rule 3 of the Tennessee Rules of Civil Procedure, a "new action," as contemplated by the saving statute, is commenced when a complaint is filed); see also Frye v. Blue Ridge Neurosci. Ctr., P.C., 70 S.W.3d 710, 713 (Tenn. 2002) (finding second complaint to be a new action as evidenced by its new docket number). Mr. Myers's original cause of action ceased to exist when the trial court granted his voluntary nonsuit on October 21, 2008. Oliver v. Hydro-Vac Servs., 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993) ("No present controversy exists after the plaintiff takes a nonsuit. The lawsuit is concluded . . . .") (citation omitted); 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice §23.1 (2011 ed.) ("When a voluntary nonsuit has been taken, the action is terminated."). Although the dismissal of the original complaint demarcated the beginning of the one-year period during which Mr. Myers could commence a new action under the savings statute, the original action did not survive, nor did the dismissal in any way indicate whether Mr. Myers would assert a claim in the future. See Oliver, 873 S.W.2d at 696 ("The plaintiff's refiling the suit [after taking a nonsuit] is a contingent event that may not occur.").

By passing this statute, the legislature intended to give prospective defendants notice of a forthcoming lawsuit. In Senate committee discussion of the bill[9] that introduced Tennessee Code Annotated sections 29-26-121 and 122, the bill's co-sponsor, Senator Mark

---

[8] Legislative discussion of the statutes prior to their enactment also indicates that the legislature viewed the statutes as mandatory, demanding strict compliance. For example, in committee discussion of the periods of time allowed for compliance with the statutes' filing requirements, Senator Jim Kyle observed "the whole bill is date driven . . . we don't need the judiciary to interpret our desire there as to what the date is." Senator Mark Norris confirmed that "the dates mean what they say. Trigger dates are meant to be deadlines." S.B. 2001, 102nd Gen. Assemb., Mar. 27, 2007.

[9] S.B. 2001, 102nd Gen. Assemb., Mar. 27, 2007.

Norris, stated that the new law was "designed to give people notice that there's about to be a claim and to put everyone who might be involved on notice that a suit will shortly be filed." Without the notice required by Tennessee Code Annotated section 29-26-121, Defendants were not apprised that Mr. Myers continued to assert a claim against them and that a suit would be filed and were therefore deprived of the notice required by Tennessee Code Annotated section 29-26-121.[10] With respect to Tennessee Code Annotated section 29-26-122, after Mr. Myers's original action terminated, he could not rely on statements made by experts relative to that action as a substitute for a certificate of good faith filed with his new action because the statute provides that "[i]f the certificate is not filed *with the complaint*, the complaint shall be dismissed." Tenn. Code Ann. § 29-26-122(a). The statements upon which Mr. Myers seeks to rely were not filed with his new complaint.

As a new action, the September 30, 2009 complaint was subject to the law in effect at the time of its filing, including the requirements of Tennessee Code Annotated sections 29-26-121 and 122. Sections 29-26-121 and 122 respectively mandate that pre-suit notice be given and that a certificate of good faith be filed. Because these requirements are mandatory, they are not subject to satisfaction by substantial compliance. Substantial compliance is sufficient only when the statute's requirements are directory, not mandatory. Cf. Scheele v. Hartford Underwriters Ins. Co., 218 S.W.3d 636, 641 (Tenn. 2007) ("We find the thirty-day requirement . . . directory, not mandatory. . . . [S]ubstantial compliance with the statute's thirty-day notice requirement is legally sufficient."); Perkins v. Enter. Truck Lines, Inc., 896 S.W.2d 123, 126 (Tenn. 1995) ("[t]his Court held that the procedural requirements were directory, not mandatory. Thus, substantial compliance was sufficient."). Because no pre-suit notice was given and no certificate of good faith was filed, we need not decide whether the statutes' requirements as to the content of the notice and the certificate of good faith may be satisfied by substantial compliance.

The requirements of these statutes are precisely stated. The statutes provide clear guidance and detailed instruction for meeting those requirements, and it is not our prerogative to rewrite the statutes. See Gleaves v. Checker Cab Transit Corp., 15 S.W.3d 799, 803 (Tenn. 2000) ("[I]t is not for the courts to alter or amend a statute.") Both statutes provide that compliance may be excused under specifically described conditions. Tennessee Code Annotated section 29-26-121 allows the trial court to exercise "discretion to excuse

_____

[10] We acknowledge Howell v. Claiborne & Hughes Health Ctr., No. M2009-01683-COA-R3-CV, 2010 WL 2539651 (Tenn. Ct. App. June 24, 2010), perm. app. granted (2010), perm. app. dismisssed (2011), cited by Mr. Myers. In Howell, the plaintiff filed a medical malpractice complaint, nonsuited it, and refiled it without giving the required pre-suit notice. The trial court dismissed the case. The Court of Appeals reversed the trial court holding that the plaintiff's nonsuited complaint was sufficient to satisfy the notice requirement of Tennessee Code Annotated section 29-26-121. Id. at *17. To the extent that Howell is inconsistent with our decision herein, Howell is overruled.

compliance . . . only for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b). The statute does not define "extraordinary cause," and the statute's legislative history does not indicate that the legislature intended to assign a meaning to that phrase other than its plain and ordinary meaning. "Extraordinary" is commonly defined as "going far beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable." Webster's New World Dictionary of the American Language, 516 (1966); see also State v. Vikre, 356 S.E.2d 802, 804 (N.C. Ct. App. 1987) (adopting dictionary definition of extraordinary cause as "going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee"). One legal scholar, commenting on Tennessee Code Annotated sections 29-26-121 and 122, has noted that possible examples of "extraordinary cause" might include "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary."[11] Mr. Myers failed to give any reason for his failure to comply with the statutory requirements, much less demonstrate extraordinary cause.

Tennessee Code Annotated section 29-26-122 provides that "[i]f the certificate [of good faith] is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Mr. Myers does not contend that his failure to file the certificate of good faith was due to the failure of a health care provider to provide copies of his records, but rather argues that he should be excused from the requirements of both sections because the information provided in his original suit served to substantially comply with both sections. This reason is not contemplated by the statute.

We conclude that the trial court's denial of Defendants' motion to dismiss on its finding of substantial compliance and extraordinary cause was error. We now address the consequences of Mr. Myers's failure to comply with the statutes.

Tennessee Code Annotated sections 29-26-121 and 122 were both enacted as Public Chapter No. 919 of the Public Acts of 2008 and were amended as Public Chapter 425 of the Public Acts of 2009; when statutes are enacted at the same legislative session, as occurred with regard to these two statutes, the rule of in pari materia "is of peculiar force . . . ." Hill v. Roberts, 217 S.W. 826, 828 (Tenn. 1920). The legislature expressly provided the consequence of a plaintiff's failure to file the required certificate of good faith with the complaint in Tennessee Code Annotated section 29-26-122, stating that "*the complaint shall*

---

[11] John A. Day, Med Mal Makeover 2009 Act Improves on '08; The New New Medical Malpractice Notice and Certificate of Good Faith Statutes, Tenn. B.J. July 2009, at 17.

*be dismissed, as provided in subsection (c)*, absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a) (emphasis added). Subsection (c) of the statute provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action *subject to dismissal with prejudice*." Id. at § 29-26-122(c) (emphasis added). Although the statutory scheme provides the trial court with discretion to, "upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown," id., Mr. Myers did not file a motion seeking such relief. Consequently, his complaint must be dismissed with prejudice.

Regarding Tennessee Code Annotated section 29-26-121, the legislature did not expressly provide for the consequence of dismissal with prejudice as it did in Tennessee Code Annotated section 29-26-122. However, because we are dismissing Mr. Myers's complaint with prejudice as the result of his failure to comply with Tennessee Code Annotated section 29-26-122, we need not address the appropriate sanction for his failure to comply with section 29-26-121.

For the reasons stated, we affirm the holding of the Court of Appeals reversing the judgment of the trial court, and the cause is dismissed. Costs of this appeal are assessed to the appellant, Curtis Myers, and his surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE