# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
## May 9, 2013 Session

## ANNE GROVES, INDIVIDUALLY AND AS NEXT OF KIN OF CHARLES GROVES v. CHRISTOPHER COLBURN, M.D.

**Appeal from the Circuit Court for Davidson County**
**No. 10C3225      Amanda Jane McClendon, Judge**

_____

**No. M2012-01834-COA-R3-CV - Filed July 30, 2013**

_____

Plaintiff filed a complaint against a hospital in which she asserted claims for medical malpractice and wrongful death. She later amended her complaint to add a party and did not contemporaneously file a certificate of good faith. The trial court dismissed the second complaint with prejudice based upon the court's determination that plaintiff failed to satisfy the requirements of Tenn. Code Ann. § 29-26-122. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

Cyrus Lucius Booker, Nashville, Tennessee, for the appellant, Ann Groves, individually and as next of kin of Charles Groves.

Jonathan Eric Miles, Phillip Lester North, and Lauren J. Smith, Nashville, Tennessee, for the appellee, Christopher Colburn, M.D.

## OPINION

### I. Facts and Procedural History

This case involves a medical malpractice[1] cause of action arising out of the

---

[1]We note that 2012 Tennessee Public Acts Chapter 798 substituted the words "health care liability" for the words "medical malpractice" in the statutes involved in this appeal. The complaint at issue here was filed December 28, 2011, thus we refer to the cause of action as medical malpractice as did the statute in

(continued...)

defendant's treatment of Deacon Charles Groves ("decedent"). According to the complaint, on April 25, 2009, decedent presented to Skyline Medical Center Emergency Room with complaints of severe nausea and vomiting. He was admitted to Skyline Medical Center for evaluation. During his hospitalization, decedent fell from his hospital bed and sustained a head abrasion which led to additional medical complications and, ultimately, his death.

On August 20, 2010, Anne Groves ("Mrs. Groves"), decedent's widow, filed her initial complaint asserting medical malpractice and wrongful death claims against HTI Memorial Corporation d/b/a Skyline Medical Center ("Skyline"). Mrs. Groves alleged "[t]he Defendant's medical personnel did not immediately notify a physician that Mr. Groves had fallen and failed to request that a CT head scan be ordered in order to evaluate the condition of Mr. Groves post fall." The complaint included a certificate of good faith in accordance with Tenn. Code Ann. § 29-26-122.

Following discovery, Mrs. Groves determined that Dr. Christopher Colburn should be added as a party to the lawsuit. On August 25, 2011, she sent Dr. Colburn notice of the claim in compliance with Tenn. Code Ann. § 29-26-121. On November 9, 2011, Mrs. Groves filed a motion to amend the complaint, which was granted by order entered December 9, 2011. Mrs. Groves filed her amended complaint against Skyline and Dr. Colburn on December 28, 2011 asserting that, "Nurse Victor Street alleges that [Dr. Colburn] was contacted shortly after [decedent] had fallen, and that [Dr. Colburn] did not order any test to assess [decedent's] post-fall condition." Mrs. Groves did not contemporaneously file a certificate of good faith with the amended complaint.

On February 15, 2012, Dr. Colburn moved for summary judgment arguing that Mrs. Groves's claim was barred by the statute of limitations and that her failure to file a certificate of good faith entitled him to judgment as a matter of law. The next day, Mrs. Groves filed a certificate of good faith that included Dr. Colburn as a defendant in the style of the case; the content of this second certificate was the same as the original certificate filed with the initial complaint.

On May 31, 2012, the trial court entered an order granting summary judgment in favor of Dr. Colburn. The court held that Mrs. Groves was required to file a second certificate of good faith with her amended complaint.[2] The court further held that the original certificate

---

[1](...continued)
effect at the time.

[2] The court held that the statute of limitations had not expired as to Dr. Colburn. The court's
(continued...)

of good faith did not cover the addition of Dr. Colburn as a defendant and that the delayed filing of the certificate did not satisfy the requirements of Tenn. Code Ann. § 29-26-122.

On June 8, 2012, Mrs. Groves moved the court to alter, amend, or reconsider its ruling, and moved, in the alternative, for leave to file a second amended complaint or an interlocutory appeal. The trial court denied these motions and made its May 31 order a final judgment as to Dr. Colburn.

Mrs. Groves appeals.

## II. Analysis

The issue before us is whether Tenn. Code Ann. § 29-26-122 required Mrs. Groves to file a second certificate of good faith when she amended her complaint to add a defendant. Mrs. Groves asserts that the certificate she filed when she commenced the action against Skyline was sufficient to cover the addition of Dr. Colburn as a party.

To resolve this issue, we must construe Tenn. Code Ann. § 29-26-122(a). We do so according to the well-settled principles articulated by our Supreme Court as follows:

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. To that end, we start with an examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012) (citations omitted). Statutory construction is a question of law that is reviewed de novo without a presumption of correctness. *Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011).

Tennessee Code Annotated section 29-26-122(a) states:

> In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the

---

[2](...continued)
holding regarding the statute of limitations is not a subject of this appeal.

complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Our Supreme Court has previously opined that the filing of a certificate of good faith with a complaint is mandatory, and strict compliance is required. *Myers*, 382 S.W.3d at 308

(noting that the use of the word "shall" in Tenn. Code Ann. § 29-26-122(a) "indicates that the legislature intended the requirements to be mandatory, not directory").

When Mrs. Groves filed the certificate with her initial complaint, she confirmed that she or her counsel had consulted with at least one expert who provided a signed written statement confirming there was a "good faith basis to maintain the action consistent with the requirements of § 29-26-115." The expert's opinion was predicated on his or her belief that there was a good faith basis to maintain the cause of action against the named defendant, Skyline. The allegations in the initial complaint were directed toward nurses who "did not immediately notify a physician that Mr. Groves had fallen."[3] When Mrs. Groves learned additional information that implicated Dr. Colburn, she was required to consult with an expert[4] to determine whether there was a good faith basis to maintain a cause of action against him and to file a certificate indicating as such with her amended complaint. Since the allegations changed to claim physician liability based on different facts, a new certificate based upon the expert's review of newly alleged facts was necessary. Because Mrs. Groves failed to file a certificate of good faith with her amended complaint, Tenn. Code Ann. § 29-26-122(a) directed the trial court to dismiss the action.[5]

We now consider Mrs. Groves's argument that the trial court's "[f]ailure to allow the filing of an amended complaint and/or to grant other relief constitutes an abuse of discretion."

To address Mrs. Groves's contention, we turn to our Supreme Court's decision in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012) for guidance. In *Myers*, the plaintiff filed a medical malpractice suit in 2007, which he later voluntarily dismissed. *Myers*, 382 S.W.3d at 304. When the plaintiff re-filed his action in 2009, he failed to file a certificate of good faith or pre-suit notice in compliance with Tenn. Code Ann. §§ 29-26-121 and 122. *Id.* at 306. In determining that his complaint should be dismissed with prejudice pursuant to Tenn. Code Ann. § 29-26-122, the Court reasoned as follows:

---

[3] The complaint also asserted that Skyline: "knew or should have known of Mr. Groves's need for proper medical attention and monitoring due to his 'fall risk'"; "failed to ensure that Mr. Groves's Smart Bed was turned on prior to his falling"; and "chose to attempt to cover-up the initial acts of negligence by not taking reasonable steps to immediately inform family members and/or any physician at the hospital."

[4] Asserting causes of action against multiple defendants who practice in differing specialties (such as the doctor and the nurses in this case) *may* necessitate different experts to opine regarding the standard of acceptable professional practice and proximate cause. *See* Tenn. Code Ann. § 29-26-115.

[5] We believe this holding is consistent with Tenn. Code Ann. § 29-26-122(b), which requires a defendant who alleges fault against a non-party to file a certificate of good faith with their answer.

> The legislature expressly provided the consequence of a plaintiff's failure to file the required certificate of good faith with the complaint in Tennessee Code Annotated section 29-26-122, stating that "*the complaint shall be dismissed, as provided in subsection (c)*, absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a) (emphasis added). Subsection (c) of the statute provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action *subject to dismissal with prejudice*." *Id.* at § 29-26-122(c) (emphasis added). Although the statutory scheme provides the trial court with discretion to, "upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown," *id.*, Mr. Myers did not file a motion seeking such relief. Consequently, his complaint must be dismissed with prejudice.

*Id.* at 311-12.  The Court further emphasized that the legislature expressly provided for the consequence of dismissal with prejudice in Tenn. Code Ann. § 29-26-122 but did not provide for the same consequence when a plaintiff fails to comply with the pre-suit notice requirement in Tenn. Code Ann. § 29-26-121.  *Id.* at 312.

Like the plaintiff in *Myers*, Mrs. Groves does not argue that her failure to file the certificate resulted from a failure on the part of the defendants to provide records, nor did she demonstrate "extraordinary cause" or any "other good cause."  We find the trial court appropriately dismissed the complaint with prejudice in accordance with Tenn. Code Ann. § 29-26-122(a) and (c).

## III. Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Mrs. Groves's claim against Dr. Colburn.  Costs of appeal are assessed against appellant for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

-6-