# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 19, 2020 Session

## CLARISSA BIDWELL EX REL. JAMES BIDWELL, ET AL. v. TIMOTHY A. STRAIT M.D., ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Hamilton County**
No. 17-C-832     Kyle E. Hedrick, Judge

———————————————————

**No. E2018-02211-SC-R11-CV**

———————————————————

HOLLY KIRBY, J., concurring separately.

I concur in the well-reasoned majority opinion but write separately on the issue of "extraordinary cause" to excuse failure to give pre-suit notice under Tennessee Code Annotated section 29-26-121(b) ("The court has discretion to excuse compliance with this section only for extraordinary cause shown.").

The majority concludes that the physician Defendants' failure to comply with Tennessee Code Annotated section 29-26-121(a)(5), in and of itself, does not constitute extraordinary cause under section 29-26-121(b) that would excuse the Plaintiff from providing pre-suit notice to Erlanger. I concur with this holding under the specific circumstances of this case. In future cases, however, failure to comply with section 29-26-121(a)(5) could constitute extraordinary cause.

The majority says, correctly, that it is not extraordinary for Plaintiffs to unknowingly rely on misinformation about the defendant physicians' employer and send pre-suit notice to misidentified potential defendants. Section 29-26-121(a)(5) anticipates that very scenario. It also provides the remedy.

If a plaintiff sends a pre-suit notice that omits or misnames a potential party, section 29-26-121(a)(5) creates a duty for potential defendants who received pre-suit notice to give notice of others who may be properly named defendants. That is the statutory fix for the common situation in which plaintiffs omit or misidentify potential defendants, such as a healthcare provider's employer. It allows plaintiffs to timely bring in other properly named defendants and proceed with the action.

The physician Defendants in this case argue that their duty to comply with this provision was not clear because the statute is ambiguous. As an issue of first impression, the majority rejects this argument and holds that the physician Defendants failed to comply with a clear and unambiguous statutory duty. Under the specific circumstances of this case, the majority agrees with the trial court that extraordinary cause did not exist. I agree based on the slender thread that, until this Court clarified section 29-26-121(a)(5) by its holding, there may have been some uncertainty about that duty. In the wake of the majority's holding, there is no longer any uncertainty.

The majority observes that a trial court in another case could conclude that a defendant's failure to comply with section 29-26-121(a)(5) constitutes extraordinary cause. To expound on that point, in the future, when a plaintiff incorrectly gives pre-suit notice to the wrong person or entity, if the defendant clearly has knowledge of the correct person or entity and chooses not to give the required section 29-26-121(a)(5) notice, that defendant's choice not to comply with its statutory duty could constitute extraordinary cause.

The majority notes there is no statutory definition of "extraordinary cause." In lieu of one, we have previously referenced various dictionary definitions of "extraordinary," such as "very unusual" or "exceptional" or "remarkable." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310–11 (Tenn. 2012) (citations omitted).[1] It is not a stretch to say that a defendant's deliberate decision to flout its manifest statutory duty is both exceptional and remarkable.

To hold otherwise would be to affirmatively *reward* the offending defendant for ignoring its duty under section 29-26-121(a)(5). Indeed, if there is no consequence or remedy, it may even become "malpractice for defense counsel to inform their opponents of" other properly named defendants "until it is too late" for plaintiffs to bring them into the lawsuit. *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 346 (Tenn. 2020) (Kirby, J., concurring in part and dissenting in part). This would create a perverse mandate for defense counsel to purposefully disregard the statutory duty the majority now holds is clear and unambiguous.

Such a result would be contrary to the legislative intent behind section 29-26-121(a)(5). The statute specifically places a duty on defendants to send written notice of others who may be properly named defendants. It does not compel us to reward defendants for failing to fulfill that duty.

In this case, the physician Defendants knew, with no uncertainty, that the Plaintiffs' pre-suit notice misidentified their employer. They knew—without question—that Erlanger should have been included. The majority holds today that their duty to give written notice

---

[1] Examples given in *Myers* refer to illness or death, but nothing in the statute limits extraordinary cause to those situations. *Myers*, 382 S.W.3d at 311 (citation omitted).

2

under section 29-26-121(a)(5) was unequivocal. In future cases with similar facts, a deliberate decision to disregard this statutory duty should constitute extraordinary cause to excuse a plaintiff's failure to give pre-suit notice to the omitted defendant.

_____
HOLLY KIRBY, JUSTICE