**FILED**
**Apr 12, 2024**
**09:05 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

George Harris ) Docket No. 2021-08-0024
)
v. ) State File No. 9435-2021
)
Mavis Tire Supply, et al. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Allen Phillips, Judge )

---

### Vacated and Remanded

---

This is an appeal of the trial court's order granting summary judgment to the employer. The employee alleged an injury to his low back while working as a mechanic. The employer denied the claim based on improper notice and a preexisting condition. Following an expedited hearing, the trial court determined the employee did not offer sufficient evidence to indicate a likelihood of proving at trial he suffered an injury arising primarily from his employment and denied benefits. That order was not appealed. The court then issued a scheduling order, after which the employer filed a motion for summary judgment. The employee did not file a response to the motion or appear for the hearing, and the trial court granted the motion for summary judgment. The employee then filed a motion to set aside the order dismissing his case, citing several reasons for his failure to respond or appear, and he filed a response to the motion for summary judgment. Thereafter, the court set aside its previous order and entered an order denying the motion for summary judgment based on the employee's response. The employer then filed another motion for summary judgment, and the employee again did not respond to the motion or appear for the hearing. The court granted summary judgment to the employer and dismissed the case. The employee has appealed. Upon careful consideration of the record, we vacate the order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

George Harris, Memphis, Tennessee, employee-appellant, pro se

Effie V. Bean Cozart, Brentwood, Tennessee, for the employer-appellee, Mavis Tire Supply

1

**Factual and Procedural Background**

George Harris ("Employee") alleged a gradual injury to his back caused by bending, pulling, and lifting while working for Mavis Tire Supply ("Employer"). Employer claimed the first notice it received of any alleged work-related injury was Employee's statement that he intended to file a workers' compensation claim in October 2020. Employee filed a petition for benefit determination and a dispute certification notice was issued in January 2021. An expedited hearing was held on January 14, 2022.

At that hearing, Employee testified he began having issues with his back in March 2020, at which time he told his manager, Jon Pearl ("Pearl"), of his complaints.[1] In response, Employer presented an affidavit from Pearl stating that he first became aware of a possible work injury in October 2020 and that Employee had previously "maintained his back pain was not work-related." Employer also presented medical records from Dr. Ashley Park, an orthopedist Employee saw on his own in July 2020. At his initial visit, Employee reported an increase in back pain since a 2019 motor vehicle accident. He also complained of numbness in his right leg and foot over the two months prior to the visit. Dr. Park recorded no work incident in the medical note, although Employee did indicate the "hardest part of his job is changing tires." Dr. Park also completed a disability claim form in which he indicated that Employee's symptoms appeared in November 2019 and that Employee's disability was not work related. Dr. Park requested an MRI, which revealed degenerative changes. Dr. Park treated Employee for several months, ultimately stating on December 1, 2020, "It may very well be that the chronology of his age is catching up with the physicality of the type of work he has to do. This is a personal choice whether he wants to work with a little bit of discomfort or whether he wants to find a job [he can do without pain]."

Employer also presented the medical records of Dr. Bernard Abrams, whom Employee saw initially in January 2021.[2] Dr. Abrams's notes indicate Employee had suffered back pain for years and do not contain any description of a work accident. He noted a mild disc bulge at L4-5 and recommended a facet injection once Employee was cleared for the procedure by his cardiologist. At subsequent appointments, Dr. Abrams continued to make the same recommendation for an injection while noting payment and insurance issues, as Employee was out of work.

At the expedited hearing, Employee presented no evidence from a medical provider indicating that his back condition was primarily caused by his work, nor did he present any evidence of an injury occurring in either March or May 2020. As such, the

---

[1] In contrast to his testimony at the expedited hearing, Employee's petition for benefit determination listed a date of injury of "May 2020."

[2] Dr. Abrams referred to Employee's initial visit as a referral for a second opinion, but it is unclear from the record who, if anyone, referred Employee to Dr. Abrams.

court determined Employee did not show he was likely to prevail at a hearing on the merits and denied benefits. That order was not appealed.

Following the expedited hearing, the court issued a scheduling order, and Employer filed a motion for summary judgment. Employer argued the claim should be dismissed due to a lack of timely notice and a lack of medical evidence supporting the occurrence of a work-related injury. As required by Tenn. Comp. R. and Regs. 0800-02-21-.18(1) (2022), Employer listed the date and time of the hearing in bold print on the face of the motion and provided Employee with a copy of the summary judgment rules and the applicable filing deadlines. Employee did not file a response to the motion or attend the hearing on July 26, 2022. By order entered on July 29, 2022, the trial court determined the portion of Employer's motion addressing medical causation did not comply with Rule 56 of the Tennessee Rules of Civil Procedure to the extent Employer's medical causation argument was not supported by "pleadings, depositions, answers to interrogatories, and admissions on file" and was instead only supported by certified medical records. *See Harris v. Vanderbilt Univ. Med. Ctr.*, No. 2021-05-1136, 2023 TN Wrk. Comp. App. Bd. LEXIS 23, at *8 (Tenn. Workers' Comp. App. Bd. May 25, 2023) ("[A]t the summary judgment stage of a case, unauthenticated medical records, standing alone, are not included in the list of things a trial court can consider in response to a dispositive motion."). However, it determined the motion was properly supported relative to the notice defense, as Employer provided Pearl's affidavit regarding when Employee first gave notice of his workers' compensation claim. The court granted the motion for summary judgment given that there was no response from Employee and, thus, no disputed issue of material fact regarding whether Employee gave proper notice.

On August 21, 2022, Employee filed a motion to set aside the court's order dismissing his case, asserting his phone had been disconnected at the time of the hearing. Employer objected to the motion, and the trial court held a hearing, at which time Employee reiterated his phone had been disconnected at the time of the hearing. He also informed the court that his sister had died in June 2022 and that he was unable to reach his ombudsman, who was apparently out of the office for a period of time in 2022. The trial court found that the totality of the circumstances constituted "excusable neglect" pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure and, as such, the court set aside the order. Employee submitted a response to the motion for summary judgment stating he had verbally informed his supervisor of his work injury in March 2020. In a December 16, 2022 order, the court denied the motion for summary judgment, determining that there was a dispute of a material fact regarding when Employee provided notice of a potential work injury.[3]

---

[3] In denying the motion, the court noted that Employee filed his response to Employer's statement of undisputed facts only one day prior to the hearing, but reasoned that Employer was aware of Employee's position regarding notice based on his Rule 72 declaration, filed in November 2022. That order was not appealed.

Thereafter, Employer took the deposition of Dr. Park, who testified that Employee had complained of chronic, longstanding back pain at his initial visit. Dr. Park confirmed he had completed a disability form at Employee's request that indicated that his back condition was not work related. He further testified that he had no recollection of any description from Employee of a work injury, nor was any such incident contained in the records. Subsequently, Employer filed a new motion for summary judgment; however, instead of listing the date and time of the hearing on the face of its motion, Employer contemporaneously filed several other documents, including a statement of undisputed material facts, a brief, and a document entitled "Employer's Notice to Employee Pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(a)." This separate notice listed the date and time of the motion hearing in bold print and provided the rules governing summary judgment and the deadlines by which Employee must respond. According to the court's subsequent order granting summary judgment and dismissing the case, the court's staff also "sent a notice to [Employee's] last known physical and electronic addresses." Again, Employee failed to file a response to the motion, nor did he appear for the hearing. The court found Employer negated the essential element of medical causation, granted the motion for summary judgment, and dismissed the case. Employee has appealed.

**Standard of Review**

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Moreover, a trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.").

**Analysis**

In his notice of appeal, Employee states he was not notified of the hearing date for the motion for summary judgment. Specifically, in his brief, he asserts that the date and time for the hearing were not included in the motion as required by Rule 0800-02-21-.18(1)(c), which states: "It is the responsibility of the moving party or their attorney

4

to . . . obtain a hearing date for a dispositive motion."  The rule also states that the moving party "shall write the date *on the motion* in bold print as follows: "THIS MOTION WILL BE HEARD ON _____, 20_____ AT _____ A.M./P.M."  (Emphasis added.)

In his brief, Employee does not deny receiving Employer's second motion for summary judgment but claims he did not have proper notice because the hearing date was contained in a filing separate from the motion, rather than on the face of the motion for summary judgment itself.  He further denies that he received any notice of the hearing from the trial court.  For its part, Employer argues that "[i]t is unclear how Employee presents this argument when Employee received the same type of notice for the first motion and for the second motion, with the exception of the hearing dates and times."

In making this argument, Employer fails to acknowledge that, although the wording of the notices was the same, the location of each notice was different.  Employer's first motion for summary judgment contained the same wording, but it appeared above Employer's counsel's signature on the motion itself in compliance with the rule.  In the second motion, that language did not appear on the motion itself but was instead included on the second page of a separate pleading entitled "Employer's Notice to Employee Pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(a)," which it chose to file contemporaneously with the motion and other documents.  The hearing notice appears in the record after Employer's motion, statement of undisputed facts, and brief, on page 16 of a total 36 pages.

Rule 0800-02-21-.18(1)(c) specifically states the movant *shall* place the date and time in bold print "on the motion."  The rule does not merely require a general notice of the hearing to be provided to the nonmoving party, but it mandates the exact procedure for providing the notice.  As the Tennessee Supreme Court has explained, "[w]hen 'shall' is used . . . it is ordinarily construed as being mandatory and not discretionary." *Myers v. Amisub (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012) (internal citations omitted). Furthermore, Employer had complied with the same rule in its first motion for summary judgment, which Employee admitted he received, but it inexplicably chose a different method for providing notice in its second motion.  Put simply, Employer did not comply with Rule 0800-02-21-.18(1)(c).

Given Employer's noncompliance with the rule, the next question is whether Employee was nevertheless aware that a hearing of any type had been set.  Although the trial court's order indicates it sent notice by electronic and physical means, the technical record did not contain any such notice; as a result, we directed the trial court to supplement the record with any formal notice provided to Employee by the court.  On April 4, 2024, the trial court issued an order stating that "no formal notice or other filing from the Court" informing the parties of the hearing date is contained in the record. Thus, we cannot confirm the type or content of the notice that the court sent to Employee

of the summary judgment hearing. The change in the way Employer notified Employee of the hearing date and time, its lack of compliance with Rule 0800-02-21-18(1)(c), and Employee's denial that he received the notice from the trial court necessitates that we vacate the order granting summary judgment and remand the case for any further proceedings as necessary.

## Conclusion

For the foregoing reasons, we vacate the court's order and remand the case. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| George Harris | ) | Docket No.  2021-08-0024 |
| | ) | |
| v. | ) | State File No.  9435-2021 |
| | ) | |
| Mavis Tire Supply, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of April, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| George Harris | | | | X | gharris72@yahoo.com<br>lc17bsw@hotmail.com |
| Effie V. Bean Cozart | | | | X | effie.cozart@libertymutual.com<br>eva.noss@libertymutual.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov