# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Opinion on Remand

## RHONDA POTTER, ET. AL. V. WILLIAM DALE PERRIGAN, M. D., ET. AL.

### Appeal from the Circuit Court for Cumberland County
### No. CV005289    Hon. Amy V. Hollars, Judge

---

### No. E2013-01442-COA-R3-CV-FILED-MARCH 26, 2015

---

This is a medical malpractice[1] action. Plaintiffs timely filed a complaint after properly sending pre-suit notices to Defendants. After voluntarily dismissing the initial complaint, Plaintiffs filed a second complaint pursuant to the saving statute with an attached certificate of good faith and a copy of the original pre-suit notices. Defendants moved to dismiss the second complaint for failure to comply with the notice requirements set out in Tennessee Code Annotated section 29-26-121(a). The trial court agreed and dismissed the action. Plaintiffs appealed. We reversed the decision of the trial court. Defendants filed an application for permission to appeal. The Tennessee Supreme Court granted the application and remanded the case for reconsideration in light of its opinion in *Foster v. Chiles*, No. E2012-01780-SC-R11-CV, 2015 WL 343872 (Tenn. Jan. 27, 2015). Upon remand, we affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Mark N. Foster and Allison M. Kirk, Rockwood, Tennessee, for the appellants, Rhonda Potter and George Wiley Potter, II.

---

[1]Tennessee Code Annotated section 29-26-101 now defines most all cases occurring in a medical context as "health care liability actions." The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based." *See* Acts 2011, ch. 510, § 8. Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code. *See* Acts 2012, ch. 798. The provisions of the revised statute do not apply to this action.

P. Alexander Vogel, Knoxville, Tennessee, for the intervening appellant, Blue Cross Blue Shield of Tennessee.

Daniel H. Rader, III and Daniel H. Rader, IV, Cookeville, Tennessee, for the appellees, Michael Dale Perrigan, M.D. and Crossville Gynecology Associates, P.C.

**OPINION**

**I. BACKGROUND**

On January 14, 2008, Rhonda Potter was scheduled to undergo surgery at the Cumberland Medical Center in Crossville, Tennessee. The surgery was intended to involve the administration of anesthesia, followed by Michael Dale Perrigan, M.D. surgically removing her ovaries and two cysts and performing a rectocele repair. Prior to surgery, Ms. Potter inquired as to whether she should ingest "colon-emptying products." Ms. Potter was advised against ingesting any such products. During the surgery, Dr. Perrigan perforated Ms. Potter's bowel, causing further complications that developed into generalized peritonitis. Ms. Potter survived after undergoing additional surgery to repair the tear.

Ms. Potter and George Wiley Potter, II (collectively "Plaintiffs") have filed two complaints against Dr. Perrigan and his practice, Crossville Gynecology Associates, P.C. (collectively "Defendants") in their attempt to recover for Ms. Potter's injuries. In each complaint, Plaintiffs alleged that Dr. Perrigan was negligent in caring for Ms. Potter and that his negligence resulted in subsequent injuries and prolonged medical care.

On January 8, 2009, prior to filing their first complaint ("Lawsuit 1"), Plaintiffs provided the statutorily required 60-day pre-suit notice pursuant to the Tennessee Medical Malpractice Act ("the Act"). Plaintiffs then filed Lawsuit 1 on April 8, 2009. During the pendency of the action, the General Assembly enacted statutory changes to the Act, setting forth new requirements for medical malpractice actions filed on or after July 1, 2009. Tenn. Code Ann. §§ 29-26-121(a), -122. Plaintiffs voluntarily dismissed Lawsuit 1 on September 8, 2009, before ever having filed a certificate of good faith.[2]

On September 8, 2010, Plaintiffs filed the second complaint ("Lawsuit 2") with an attached certificate of good faith but failed to provide a new 60-day pre-suit notice. Instead, Plaintiffs attached a copy of the previously filed 60-day pre-suit notice to Lawsuit 2. Defendants sought the dismissal of Lawsuit 2, alleging, in pertinent part, that Plaintiffs had

_____

[2]The parties agreed to extend the time for filing of the certificate of good faith to September 7, 2009, which was recognized as a state holiday.

failed to comply with the notice requirements set out in section 29-26-121 by neglecting to file a new pre-suit notice. The trial court agreed and dismissed Lawsuit 2. Plaintiffs appealed to this court.

We reversed the decision of the trial court, holding that Plaintiffs fulfilled the notice requirement in accordance with this court's holding in *Foster v. Chiles*, No. E2012-01780-COA-R3-CV, 2013 WL 3306594, at *6 (Tenn. Ct. App. June 27, 2013), *rev'd*, — S.W.3d —, 2015 WL 343872 (Tenn. Jan. 27, 2015).[3] Defendants filed an application for permission to appeal. The Tennessee Supreme Court granted the application and remanded the case for reconsideration in light of its opinion in *Foster*.

## II. ISSUE

The issue on remand is as follows:

Whether the failure to send new pre-suit notices prior to filing the second complaint mandates dismissal of the action in this case pursuant to Tennessee Code Annotated section 29-26-121(a) and in light of *Foster v. Chiles*, No. E2012-01780-SC-R11-CV, 2015 WL 343872 (Tenn. Jan. 27, 2015).

## III. STANDARD OF REVIEW

In this action, Defendants properly filed a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss."). In *Myers*, the Court further provided as follows:

In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial

---

[3]At that time, permission to appeal had been granted, but the Supreme Court had not issued a decision.

court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

"The question of whether [plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings." *Myers*, 382 S.W.3d at 307-08 (citing *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011)). This court reviews a "trial court's decision to excuse compliance under an abuse of discretion standard." *Id.* at 308. "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting the Act beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C .K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. DISCUSSION

Plaintiffs assert that the trial court erred in dismissing Lawsuit 2 because the 2009 notice fulfilled the requirements of Tennessee Code Annotated section 29-26-121. They alternatively assert that even if they failed to comply with section 29-26-121, dismissal of their claim was not mandatory. Defendants respond that the 2009 notice was ineffective for purposes of Lawsuit 2 because Lawsuit 2 is a new action that required its own pre-suit notice.

They alternatively assert that the 2009 notice was deficient in that it failed to substantially comply with the revised provisions of the Act. Plaintiffs respond that the 2009 notice was compliant with the law in effect at that time.

The Supreme Court was faced with the same dilemma in *Foster*. In *Foster*, the Fosters filed pre-suit notice before filing the initial complaint. 2015 WL 343872, at *1. Following the entry of a voluntary dismissal, the Fosters re-filed the complaint without providing pre-suit notice. *Id.* The defendants moved for dismissal with prejudice, arguing that the Act "requires pre-suit notice to be given each time a complaint alleging health care liability is filed." *Id.* at *2. The Fosters responded that the "original notice was sufficient for any subsequently filed complaints." *Id.* The trial court dismissed the complaint with prejudice, and a panel of this court reversed. *Id.* In reversing this court and reinstating the dismissal, the Supreme Court stated,

> When the Fosters first gave pre-suit notice on November 18, 2010, Defendants, knowing that a lawsuit was forthcoming, had the opportunity to investigate the claim and pursue settlement negotiations as contemplated by the notice statute. Suit was filed on March 17, 2011, but dismissed on May 6, 2011. As of the dismissal of the suit, there was no pending litigation between the parties. Eighteen months after the Fosters first gave Defendants notice of the original suit, and nearly a year after the suit's dismissal, the Fosters sued Defendants again. The second filing was the institution of a new and independent action. *Myers*, 382 S.W.3d at 309. Defendants had no advance notice of the second suit, no chance to investigate the claim, and no opportunity to pursue settlement negotiations before the suit was filed. This was not the result intended by the Legislature in enacting § 29-26-121(a)(1).
>
> Although the March 2011 and May 2012 complaints asserted the same claims and involved the same parties, Defendants were statutorily entitled to separate notice of each forthcoming complaint so that they might evaluate the merits of the claim and pursue settlement. To hold otherwise would be to ignore the clear and unambiguous language of § 29-26-121(a)(1) and to thwart the intent of the Legislature. We do not favor procedural dismissals, but we are unwilling to engage in a strained interpretation of the statute to reach a desired result. The Fosters could easily have avoided the delay caused by the dismissal of their complaint had they simply complied with the statute and given Defendants pre-suit notice.
>
> We hold that Tenn. Code Ann. §29-26-121(a)(1) requires that plaintiffs provide pre-suit notice to prospective health care defendants each time a

complaint is filed.  Because the Fosters did not provide Defendants with notice that they intended to recommence their health care liability action, the Fosters failed to comply with § 29-26-121(a)(1).

*Id.* at *3-4 (footnote omitted).  In determining the consequences for the failure to comply with Tennessee Code Annotated section 29-26-121(a)(1), the Court continued,

> We held in *Stevens* that noncompliance with Tenn. Code Ann. § 29-26-121(a)(2)(E) required a dismissal without prejudice.  418 S.W.3d at 560.  In *Stevens*, we noted that § 29-26-121 did not provide for a penalty for noncompliance, whereas § 29-26-122 expressly required a dismissal with prejudice for a plaintiff's failure to file a certificate of good faith.  *Id.* at 560-61.  These code sections, §§ 29-26-121 and -122, were enacted together as part of the Tennessee Health Care Liability Act; therefore, we interpret these sections together and must presume that the Legislature intended for them to carry different sanctions for noncompliance.  *Id.* at 560.  The Legislature could have, but did not, provide for dismissal with prejudice for noncompliance with § 29-26-121(a)(1).  Therefore, we hold that dismissal without prejudice is the proper sanction for noncompliance with Tenn. Code Ann. § 29-26-121(a)(1).

*Id.* at *4 (footnote omitted).

In light of the Court's decision in *Foster*, we hold that Plaintiffs were required to provide Defendants with notice under Tennessee Code Annotated section 29-26-121(a)(1) before filing Lawsuit 2.  Plaintiffs failed to provide the required pre-suit notice.  Accordingly, we now affirm the trial court and dismiss this action without prejudice.

### V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed equally to the appellants, Rhonda Potter and George Wiley Potter, II.

_____
JOHN W. McCLARTY, JUDGE