# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### APRIL 8, 2015 Session

## WHITNEY LEIGH HARMON, ET AL. v. GREGG IAN SHORE, ET AL.

### Appeal from the Circuit Court for Maury County
### No. 14641      Stella L. Hargrove, Judge

---

### No. M2014-01339-COA-R3-CV – Filed April 23, 2015

---

This is a Health Care Liability case. Appellees are the treating physician and hospital. The trial court granted Appellees' Tennessee Rule of Civil Procedure 12.02 motions to dismiss Appellant's lawsuit for failure to comply with the Tennessee Code Annotated Section 29-26-121(a)(2)(E) notice provision for health care liability claims. Specifically, the trial court determined that the required Health Insurance Portability and Accountability Act (HIPAA) medical authorization provided by Appellant was not substantially compliant with the statutory requirements in that the relevant medical records were released only to Appellant's lawyer. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court is Affirmed and remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Walter Woods Bussart, Lewisburg, Tennessee, for the appellants, Whitney Leigh Harmon and Joshua David Harmon.

Michael F. Jameson, Nashville, Tennessee, for the appellee, Gregg Ian Shore.

Taylor Bradford Mayes, Nashville, Tennessee for the appellee, Maury Regional Hospital d/b/a Maury Regional Medical Center and d/b/a Maury Regional Surgical Center.

## OPINION

## I. Background

On April 30, 2012, Whitney Leigh Harmon was seen by Gregg Ian Shore, M.D. At that time, Dr. Shore was allegedly an employee of Maury Regional Hospital d/b/a Maury Regional Medical Center d/b/a Maury Surgical Center ("Maury Regional," and together with Dr. Shore, "Appellees").[1] Mrs. Harmon presented with a swollen lymph node in the right side of her neck. She reported that there had been no trauma to the affected area, but that her symptoms had begun four months prior to her visit with Dr. Shore. After evaluating Mrs. Harmon, Dr. Shore diagnosed a cutaneous mass and scheduled a biopsy. Dr. Shore performed the excisional biopsy of Mrs. Harmon's post-auricular, right-sided, cutaneous mass at Maury Regional on May 7, 2012. Dr. Shore's notes indicate that he performed the entire procedure on Mrs. Harmon. Dr. Shore indicated that he removed as much of the mass as possible, although there seemed to be a bit remaining under some of the deep strap muscles of the neck. According to Dr. Shore's notes, the etiology of the mass was unclear.

At a follow-up visit with Dr. Shore on May 16, 2012, he noted that Mrs. Harmon had developed a post-operative infection with swelling, as well as lower lip numbness. His exam found the wound tender, and seroma fluid was aspirated at the site. Mrs. Harmon did not see Dr. Shore again after May 16, 2012. On June 27, 2012, when her condition had not substantially improved, Mrs. Harmon sought treatment from a Board-Certified Otolaryngologist, who noted that she had immediate right-lip paresis, and recurrent swelling. He noted that Mrs. Harmon was draining saliva from the neck.

On April 8, 2013, Mrs. Harmon and her husband, Joshua David Harmon (together with Mrs. Harmon, the "Harmons," or "Appellants") filed a Health Care Liability complaint against the Appellees. Therein, the Harmons allege that, following treatment, the paralysis, swelling and drainage continued and that she is not able to eat or drink normally, nor is she able to smile. In addition, the Harmons allege that Mrs. Harmon's speech is impaired and that this condition appears to be permanent in nature. Accordingly, the Harmons claim that Dr. Shore and Maury Regional were negligent in Mrs. Harmon's care and treatment.

The Harmons' complaint further states that they have complied with the notice requirements contained in Tennessee Code Annotated Section 29-26-121. As is relevant to the instant appeal, Tennessee Code Annotated Section 29-26-121provides:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty

---

[1] There is dispute in the record as to whether Dr. Shore was an employee of Maury Regional or whether he was an independent contractor. The distinction is not relevant to the issues presented in this appeal.

(60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

\*                 \*                 \*

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Although Appellants mailed a HIPAA medical authorization to the Appellees, the authorization only released Mrs. Harmon's medical records to her own lawyer.

On May 13, 2013, Dr. Shore filed a motion to dismiss Appellants' complaint on grounds that the medical authorization was not compliant with Tennessee Code Annotated Section 29-26-121 in that the authorization did not release Mrs. Harmon's records to Dr. Shore.[2] On May 14, 2013, Maury Regional filed a motion to dismiss the complaint on the ground that the medical release did not authorize release of Mrs. Harmon's records to Maury Regional. The motions to dismiss were heard on August 23, 2013. The motions were subsequently denied by order entered on October 4, 2013.

Following denial of their respective motions to dismiss, Appellees filed motions in the trial court for interlocutory appeal and to stay the proceedings. Although the trial court granted interlocutory appeal, this Court denied the Appellees' Tennessee Rule of Appellate Procedure 9 applications for permission to appeal. Appellees then appealed our denial of interlocutory appeal to the Tennessee Supreme Court. The Tennessee Supreme Court granted the applications and remanded the case to the trial court to reconsider its denial of the motions to dismiss in light of the holding in *Stevens v. Hickman Cmty. Health Care Servs.*, 418 S.W.3d 547 (Tenn. 2013).

After hearing on remand from the Tennessee Supreme Court, the trial court granted Dr. Shore's motion to dismiss the complaint by order entered June 17, 2014, wherein it found, in relevant part:

---

[2] Dr. Shore filed a contemporaneous motion for summary judgment on the same grounds. The trial court granted both the motion for summary judgment and the motion to dismiss. Because the proper means of contesting a plaintiff's failure to comply with the health care liability act pre-suit notice requirements is through a motion to dismiss, *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012), we will deem the grant of the motion to dismiss to be the proper adjudication of this case and will address only that motion.

In light of the ruling in *Stevens*, this Court must now grant . . . Gregg Ian Shore, M.D.'s Motion to Dismiss . . . .

It is clear to the Court that [Appellants] failed to provide the required HIPAA-compliant medical authorizations in their pre-suit notice. Accordingly, the Court finds that [Appellants] failed to substantially comply with the requirements of Tenn. Code Ann. § 29-26-121 (a)(2)(E).

It was [Appellants'] position that any noncompliance on their part was excused by extraordinary cause in that "[Appellees] had the records at all times." In their responsive pleadings filed August 20, 2013, [Appellants] stated:

> [Appellants] submit that an example of sufficient "cause" is that [Appellants] knew [Maury Regional] had Dr. Shore's records. We know [Maury Regional] had all of her records because it sent them to her four months before the Notice was sent and Dr. Shore's records were included.
>
> [Maury Regional] also had a HIPAA compliant medical authorization in its possession as early as June 7, 2012, scarcely a month after the incident. It also had the other Defendant's records, i.e., Gregg Ian Shore, M.D. We know this because it sent those exact records to Mrs. Harmon on June 7, 2010.
>
> We also know [Maury Regional] had the Shore records because Shore was their agent and he sent her the same records. Therefore, extraordinary cause exists for the exercise of judicial discretion.

The Court finds that a HIPAA-compliant medical authorization permits health care providers to obtain complete medical records from any other provider receiving notice. A health care provider has the right to be assured it has the full and complete medical records of other providers. The Court disagrees with [Appellants'] position and finds their noncompliance was not excused by extraordinary cause.

By separate order of July 2, 2014, the trial court granted Maury Regional's motion to dismiss on the same grounds as cited for its grant of Dr. Shore's motion.

## II. Issues

The Harmons appeal. They raise two issues for review as stated in their brief:

4

1.  Whether the trial court properly applied the *Stevens* case by ruling that ". . . [Appellants'] non-compliance was not excused by extraordinary cause."

2.  Whether applying the proper standard in *Stevens*, [Appellants] complied with the "essence" of Section 121 and there was no "prejudice" to [Appellees].

### III. Standard of Review

In this action, Appellees properly filed a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated Section 29-26-121 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss."). In *Myers*, the Court further explained:

> In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance.

*Id*. The trial court's grant of the motion to dismiss is subject to a *de novo* review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Here, the Appellants do not dispute that the medical authorization they provided as part of their pre-suit notice was not HIPAA-compliant in that it released Mrs. Harmon's records only to her lawyer. Appellants' only issues concern whether their failure to provide a HIPAA-compliant release should be excused. "The question of whether [a plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is *de novo* with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings." *Myers*, 382 S.W.3d at 307-08 (citing *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011)). This Court reviews a "trial court's decision to excuse compliance under an abuse of discretion standard." *Id*. at 308. "A trial

court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

## IV. Analysis

In *Stevens*, the plaintiff filed the required 60-day pre-suit notice but failed to include a HIPAA-compliant medical authorization form. *Stevens*, 418 S.W.3d at 551. The form provided by plaintiff was deficient because it failed to permit "the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29-26-121(a)(2)(E). Defendants sought dismissal based upon plaintiff's failure to fully comply with section 29-26-121(a)(2). The trial court denied the motion, and the Tennessee Supreme Court granted the defendants' application for permission to appeal. The Court held that plaintiff was merely required to "substantially comply" with the content requirements set forth in section 29-26-121(a)(2). *Id*. at 554-55. Despite that finding, the Court ultimately held that plaintiff had not substantially complied with the content requirements. In so holding, the Court stated:

> In determining whether a plaintiff has substantially complied with a statutory requirement, a reviewing court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance. Not every non-compliant HIPAA medical authorization will result in prejudice. But in this case, the medical authorization submitted by Plaintiff was woefully deficient. The errors and omissions were numerous and significant. Due to Plaintiff's material noncompliance, Defendants were not authorized to receive any of the Plaintiff's records. As a result of multiple errors, Plaintiff failed to substantially comply with the requirements of [section 29-26-121(a)(2)(E)].

*Id*. at 556. As further discussed in *Stevens*, Tennessee Code Annotated Section 39-36-121(a)(2)(E) "serves to equip defendants with the actual means to evaluate the substantive merits of plaintiff's claim by enabling early access to a plaintiff's medical records." *Stevens*, 418 S.W.3d at 555. The *Stevens* Court went on to note that "[b]ecause HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form, it is a threshold requirement of the

statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Id*. (citing 45 C.F.R. § 164.508(a)(1)).

As noted by Appellants in their brief, the deficiencies in the medical release at issue in *Stevens* were "multiple," i.e., the *Stevens* Court noted that "Plaintiff's medical authorization failed to satisfy at least three of the six compliance requirements mandated by HIPAA." *Stevens*, 418 S.W.3d at 556. Because the sole deficiency in the medical release authorization at issue here is the Appellants' failure to allow disclosure to the Appellees, Appellants contend that this error, alone, is not sufficient to negate their lawsuit. We disagree. The *Stevens* Court specifically stated: "First, **and most importantly**, by permitting disclosure only to Plaintiff's counsel, Plaintiff's medical authorization failed to satisfy the express requirement of Tenn. Code Ann. § 29–26-121(a)(2)(E) that a plaintiff's medical authorization 'permit[ ] the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.'" *Id*. (emphasis added).

The question of whether a plaintiff's permitting disclosure of medical records only to plaintiff's lawyer is sufficient, standing alone, to warrant dismissal of a lawsuit on grounds of failure to substantially comply with the pre-suit notice requirements has been answered by this Court in *Roberts v. Prill*, No. E2013–02202–COA–R3–CV, 2014 WL 2921930 (Tenn. Ct. App. June 26, 2014). In *Roberts*, as in the instant case, the plaintiff's medical release authorization permitted disclosure only to plaintiff's lawyer. Likewise, the *Roberts* plaintiff argued that the defendants were not prejudiced by this deficiency because defendants were in possession of plaintiff's records. In affirming the trial court's dismissal of plaintiff's lawsuit on a motion to dismiss, we stated:

> Plaintiff further claims that Defendants were not prejudiced by the incomplete form when Defendants already had the relevant records in their possession. Section 29-26-121(a)(2)(E) "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." "[I]t is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Stevens*, 418 S.W.3d at 555 (citing 45 C.F.R. § 164.508(a)(1)). In limited circumstances, HIPAA provides for the use or disclosure of medical records without specific authorization "by the covered entity to defend itself in a legal action." 45 C.F.R. § 164.508(a)(2)(i)(C). However, HIPAA generally provides that a covered entity may not "use or disclose protected health information without" valid authorization. 45 C.F.R. § 164.508(a)(1). Plaintiff's case did not fall within

7

one of the limited circumstances anticipated by HIPAA that would allow for the use of the records without authorization. The form failed to provide Defendants with the proper authorization to use the medical records to mount a defense.

*Roberts*, 2014 WL 2921930 at *6. Here, as in *Roberts*, Appellants' case does not fall within one of the limited circumstances that would allow for the use of Mrs. Harmon's records without authorization.[3] For this reason, and based upon the holdings in *Stevens* and *Roberts*, we cannot conclude that the trial court abused its discretion in declining to excuse Appellants' failure to comply with Tennessee Code Annotated Section 29-26-121(a)(2)(E).

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, Whitney Leigh Harmon, Joshua David Harmon, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

---

[3] The limited exceptions outlined in 45 C.F.S. § 164.508(a)(2)(i) are:

(2) Authorization required: Psychotherapy notes. Notwithstanding any provision of this subpart, other than the transition provisions in § 164.532, a covered entity must obtain an authorization for any use or disclosure of **psychotherapy notes**, except:

(i) To carry out the following treatment, payment, or health care operations:

(A) Use by the originator of the psychotherapy notes for treatment;

(B) Use or disclosure by the covered entity for its own training programs in which students, trainees, or practitioners in mental health learn under supervision to practice or improve their skills in group, joint, family, or individual counseling; or

(C) Use or disclosure by the covered entity to defend itself in a legal action or other proceeding brought by the individual.

(Emphasis added). The highlighted language clearly indicates that the foregoing exceptions apply only to the disclosure of "psychotherapy notes," which are not at issue in the instant case.