# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 16, 2016 Session

## SHEMEKA IBRAHIM v. MARK WILLIAMS, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 14C311     Thomas W. Brothers, Judge**

_____

**No. M2015-01091-COA-R3-CV – Filed February 29, 2016**
_____


Plaintiff filed a health care liability action against multiple healthcare providers but did not comply with the statutes governing healthcare liability actions. Defendants filed motions to dismiss and for summary judgment. The trial court granted the motions. Plaintiff appeals, and finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Shemeka Ibrahim, Antioch, Tennessee, Pro Se.

Phillip North and Renee Levay Stewart, Nashville, Tennessee, for the appellees, Mark Williams, M.D. individually and d/b/a the Voice Care Center of Nashville, and Ear Nose & Throat Specialists of Nashville.

Wendy Lynne Longmire, Nashville, Tennessee, for the appellee, Artmas Worthy, D.D.S.

Darrell E. Baker, Jr., Deborah Whitt, and Heather Cubine Colturi, Memphis, Tennessee, for the appellees, Jeffrey Carter, D.D.S., and Adam Pitts, D.D.S

Dixie Cooper and James Sperring, Nashville, Tennessee, for the appellees, Terri Edwards-Lee, M.D., and HCA Holdings, Inc.

Jay N. Chamness, Nashville, Tennessee, for the appellee, Kelly Carden, M.D.

**OPINION**

Shemeka Ibrahim ("Plaintiff") filed a complaint *pro se* on January 23, 2014, which identified the following persons as Defendants in the caption: Mark Williams M.D., Terry Lee M.D., Jeffery [sic] Carter, D.D.S., Adams Pitts D.D.S., Artmas Worthy D.D.S., and The Voice Center. The body of the complaint identified Williams Russell Ries and Kimberly Vinson as defendants as well.[1] It is not entirely clear when parties were added by Plaintiff, but various pleadings in the record show that Plaintiff attempted to add other defendants over the course of the proceedings. The first count of the complaint alleged a cause of action for negligence against the defendants. As to the dates of any negligence, the complaint alleged only that Plaintiff "visits Doctor Worthy on or before 2010." The second, third, and fourth counts of the complaint alleged causes of action for fraud, "*qui tam*," and patient abandonment, respectively.

On November 4, the court held a hearing on the following motions: motions to dismiss and for summary judgment filed by Mark Williams, M.D., individually and doing business as the Voice Care Center of Nashville and Ear Nose & Throat Specialists of Nashville; motion for summary judgment filed by Terri Edwards-Lee, M.D.; motion to dismiss filed by Jeffrey Carter, M.D., D.M.D., and Adam Pitts, M.D., D.D.S.; motion for summary judgment filed by Artmas Worthy, D.D.S.; motion to dismiss filed by Kelly Carden, M.D.; and motion to dismiss filed by HCA Holdings, Inc.[2] After the hearing but before the court entered an order, Plaintiff filed a motion on November 14, seeking, among other things, relief under Tenn. R. Civ. P. 60.02 and to alter or amend the judgment.[3]

The court entered an order on November 21 granting the motions. With respect to the healthcare liability claims, the court held that Plaintiff failed to comply with the pre-suit notice requirement at Tenn. Code Ann. § 29-26-121; failed to comply with the certificate of good faith requirement at § 29-26-122; and that Plaintiff's claims were barred under the statute of limitations at § 29-26-116. The court held that Plaintiff's fraud and "qui tam" claims failed to state claims for relief and that the "patient abandonment" claim should also be dismissed because it was governed by the healthcare liability statutes. The trial court held a hearing on April 17, 2015, on Plaintiff's

---

[1] The body of the complaint identified Metin Ibrahim as a plaintiff, although he is not listed on the caption. Plaintiff filed a motion on March 27, 2014, in which she "request[ed] permission to amend the complaint filed to delete the name of Metin Ibrahim from the caption for he is not a party to this action."

[2] Other Defendants—Vanderbilt Medical Center, Dr. Reis, and Dr. Vinson—also filed motions to dismiss, which were heard on April 17, 2015, and granted on May 11. Plaintiff has not appealed the order dismissing those defendants.

[3] Though Plaintiff's motion was filed prior to the entry of the order from which she sought relief, Appellees explained in their brief that a draft version of the order had been circulating among the Defendants' counsel and was presented to Plaintiff on Nov. 14.

November 14 motion to alter or amend the judgment and entered an order denying it on May 11.

Plaintiff appeals, raising a plethora of issues. The penultimate issue is whether the trial court erred in dismissing Plaintiff's complaint. Our review of the court's factual findings is "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

## I. HEALTHCARE LIABILITY CLAIMS

Because this is a claim alleging healthcare liability, Plaintiff was required to comply with Tenn. Code Ann. §§ 29-26-121 and 29-26-122.

### A. Statute of Limitations

Healthcare liability actions must be brought one year from the date or discovery of the injury. Tenn. Code Ann. § 29-26-116, § 28-3-104. Prior to filing suit, a person asserting a claim for health care liability must "give written notice of the potential claim to each health care provider that will be named as a defendant at least sixty (60) days before the filing of a complaint." Tenn. Code Ann. § 29-26-121(a)(1). The notice must include, among other things, "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." T.C.A. § 29-26-121(a)(2)(E). "When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Tenn. Code Ann. § 29-26-121(c).

Consistent with the affidavits and verified exhibits filed in support of the motions for summary judgment, the trial court found that Dr. Williams last treated Plaintiff in August 2012; that Dr. Pitts last treated Plaintiff on October 3, 2012; that Dr. Carden last treated Plaintiff on July 20, 2012; that Dr. Worthy last treated Plaintiff on December 15, 2012; that Dr. Carter last treated Ms. Ibrahim on December 18, 2012. The court also found that on October 3, 2012, Plaintiff filed a similar lawsuit which contained the "identical allegations and factual nexus" relative to Dr. Edwards-Lee and HCA Holdings, Inc., even though they were not named as defendants in that suit. The court also found that Plaintiffs sent pre-suit notice letters to Dr. Williams, Dr. Williams' professional

3

entities, Dr. Edwards-Lee, Dr. Pitts, and Dr. Carden on or about October 22, 2013. These findings are supported by the evidence.[4] *See* Tenn. Rule App. P. 13(d).

On the basis of the findings, the court held that Plaintiff "failed to file suit or provide pre-suit notice to Dr. Williams, Dr. Williams' professional entities, Dr. Edwards-Lee, HCA Holdings, Inc., Dr. Pitts, and Dr. Carden before the statute of limitations had run." We agree. Plaintiff sent what purported to be the notice required by Tenn. Code Ann. § 29-26-121(a)(1) to Drs. Williams, Pitts, Carden, Edwards-Lee, and HCA Holdings, Inc. in the October 22, 2013 letter, which was more than a year after any alleged injury occurred or was discovered. The court properly dismissed these claims as barred by the statute of limitations.

### B. HIPPA-Compliant Authorization

Tenn. Code Ann. §29-26-121(a)(2)(E) requires that a HIPPA complaint medical authorization be included in the pre-suit notice. The court found that medical authorization Plaintiff sent with the October 22, 2013 letter and which was introduced into the record at the November 4 hearing on the motions "only include[d] Ms. Ibrahim's signature and date, and, thus, failed to comply with five of the six requirements set forth in 45 C.F.R. §164.508(c)(1) for medical authorization forms."[5] Our review of the form affirms the court's finding.

---

[4] Plaintiff has filed voluminous material in the course of this proceeding. Upon our thorough review of the record we have failed to discover any credible evidence contrary to the court's findings or which would create a genuine issue of fact relative to the same.

[5] Those six requirements were cited by our Supreme Court in *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc*, as follows:

> Federal regulations state that a HIPAA compliant authorization must include the following six elements:
> (i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.
> (ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.
> (iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.
> (iv) A description of each purpose of the requested use or disclosure....
> (v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure....
> (vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

418 S.W.3d 547, 555-56 (Tenn. 2013) (quoting 45 C.F.R. § 164.508(c)(1)).

"[A] plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E)." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc*., 418 S.W.3d 547, 555 (Tenn. 2013). In Ms. Ibrahim's letter, which was addressed "Dear Dr. Doctors', Dentists', Nurse and office manager, patient advocate, ceo, etc:", Ms. Ibrahim stated relative to her compliance with the statute the following:

> Mrs. Ibrahim has executed a HIPAA-compliant medical authorization [enclosed herein] that authorizes you to obtain complete medical records relating to Mrs. Ibrahim. If any health care provider does not accept this authorization for any reason, then please contact me immediately at [phone number] . . .

The authorization and letter Plaintiff sent did not substantially comply with the statute, which is very specific in listing the elements which are to be included in the authorization. The form was signed by Plaintiff, but not completed.

Tenn. Code Ann. § 29-26-121(b) permits a court to excuse compliance with the pre-suit notice requirements only upon a showing of "extraordinary cause." The trial court found that "Plaintiffs have failed to present any facts that could be construed to constitute extraordinary cause." Neither the complaint nor the Plaintiff's brief on appeal demonstrates extraordinary cause such that her failure to comply should be excused. We therefore affirm the dismissal of the claims against Dr. Williams, Dr. Williams' professional entities, Dr. Edwards-Lee, Dr. Pitts, Dr. Carden, Dr. Worthy, and Dr. Carter for failure to provide the required HIPPA-complaint authorization.

## C. Certificate of Good Faith

Tenn. Code Ann. § 29-26-122(a) requires a plaintiff filing a healthcare liability action to also file a certificate of good faith with the complaint. Subsection (c) of the statute provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action *subject to dismissal with prejudice*." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 311 (Tenn. 2012) (emphasis in original)(citing Tenn. Code Ann. §29-26-122(c)).

As to Plaintiff's compliance with this requirement, the trial court made the following findings:

> This Court finds that the portions of Plaintiffs' complaint that can be construed as a certificate of good faith do not state that Plaintiffs consulted with an expert that is competent to testify and do not state that there is a good faith basis to maintain the action.

The Court further finds that Plaintiffs have failed to submit sufficient evidence that they were unable to comply with this section due t[o] a failure by the defendants to timely provide copies of Ms. Ibrahim's medical records in response to a proper request. As noted herein, Plaintiffs have failed to submit a HIPAA compliant medical authorization that would permit the defendants to obtain or release Ms. Ibrahim's records prior to the filing of Plaintiffs' complaint.

Furthermore, the "expert statements" filed by Ms. Ibrahim, which she represented as establishing her compliance with Tenn. Code Ann. § 29-26-122(a) in this case, do not save her claims from dismissal pursuant to Tenn. Code Ann. § 29-26-122(c) because they do not pertain to the Defendants or the factual nexus of the Complaint, but rather the medical care of other physicians provided after this lawsuit was filed.

We agree with the trial court's assessment. No portion of the Complaint can be construed as compliant with the foundational requirement that a statement from an expert attesting that there is a "good faith basis to maintain the action" accompany the complaint. The court properly dismissed the claims against Dr. Williams, Dr. Williams' professional entities, Dr. Edwards-Lee, HCA Holdings, Inc., Dr. Pitts, Dr. Carden, Dr. Worthy, and Dr. Carter on the basis that Plaintiff failed to comply with Tenn. Code Ann. § 29-26-122.

## II. OTHER CLAIMS

Plaintiff also asserted causes of action for fraud, "Qui Tam," and patient abandonment; these claims were dismissed upon the determination that the allegations of the complaint failed to state a cause of action. On our review of the complaint, the court properly dismissed these claims.

Tenn. R. Civ. P. 9.02 requires fraud claims to be stated with particularity. The trial court found that "Plaintiffs have only made conclusory allegations of fraud in their complaint, and have failed to allege any specific facts that support the conclusory allegations of fraud." The portion of the complaint entitled "Fraud" consists of two paragraphs; construing the allegations of this section favorably to the Plaintiff we agree with the trial court that she fails to not only allege fraud with particularity but also fails to state a claim for fraud.

The allegations of the complaint relative to Plaintiff's *qui tam* claims, set forth in a section consisting of one paragraph, are hard to follow. Upon our review of the complaint we agree with the trial court that "it is unclear what Plaintiffs meant when they sought relief in their complaint under a 'qui tam' theory." Giving the complaint a most liberal reading, it does not state with particularity factual allegations which would support a claim for relief under any *qui tam* statute.

6

We concur that the claim for patient abandonment is governed by the Healthcare Liability Act, inasmuch as it arises out of the provision of or failure to provide healthcare services. Thus, in light of our discussion in Section I, above, of Plaintiff's failure to comply with the statutory requirements governing such actions, we affirm the decision of the trial court dismissing this cause of action.

## III. CONCLUSION

In light of the vigor with which this case has been prosecuted and the fact that this is the fifth health care liability action filed by Plaintiff, we have reviewed the entire record, consisting of over 3,600 pages. From our review of the record, we are of the firm belief that the trial court properly performed its function under the law and applicable rules of procedure and properly dismissed this action on the grounds stated in the November 21, 2014 order. There is no error in this record.[6]

Our resolution of this case pretermits our consideration of the Appellees' argument that the appeal should be dismissed for Plaintiff's failure to comply with the rules of appellate procedure and an order of this Court.

Lastly, Appellees have requested that we determine this to be a frivolous appeal and award costs to them. We agree that such a determination is appropriate in this case. Plaintiff's brief on appeal is devoted mostly to stream-of-consciousness sentences and sentence fragments focused on her perception that the defendants, attorneys, and the trial judge are related to each other and that a conspiracy of some type exists. Plaintiff appended 100 exhibits to her brief, including property deeds, wills, death certificates, and copies of filings in the Office of the Secretary of State, none of which have any relevance to the issues on appeal. In addition, she challenges the constitutionality of the healthcare liability statutes, a matter which our Supreme Court has addressed; a review of the case law would have revealed this. *See Jackson v. HCA Health Servs. of Tennessee, Inc.*, 383 S.W.3d 497 (Tenn. Ct. App. 2012). Plaintiff's brief wholly fails to articulate, identify or support reversible error in any ruling of the trial court. It is clear that this appeal is devoid of merit and had no reasonable chance of success; it is frivolous within the meaning of Tenn. Code Ann. § 27-1-122. We accordingly remand the case for a determination of the amount of damages to be awarded to the Appellees.

RICHARD H. DINKINS, JUDGE

---

[6] In pleadings at the trial court level and on appeal, Plaintiff has alleged that the trial court acted improperly; we find no basis whatsoever in the record for such accusations. In any event, Plaintiff did not seek recusal of the trial court in accordance with the applicable rule.